called, Burwell Cofer testified: "I told Mr. Callaway this was a boar—this one that was killed. The hog we are talking about now was a boar-hog; it had never been altered."

IRVIN & WYNNE, for plaintiff in error. W. M. HOW-ARD, solicitor-general, by HARRISON & PEEPLES, *contra*.

---

RUCKER *v.* THE STATE.

| 95a | 465 |
| 108 | 67 |
| 108 | 68 |

SIMMONS, J.—An indictment for larceny after trust, which charges that a person unknown, a passenger on board a car, entrusted a ticket to the accused to be applied to the use of the railroad company to whom it belonged after being so entrusted, is not supported by evidence that the accused received the ticket from the passenger in the course of his duty as porter on the car, his further duty to the company being to turn over the ticket to the conductor, which he failed to do but fraudulently converted it to his own use. The trust proved was not one between the passenger and the accused, but one between the railroad company and the latter, inasmuch as the passenger acted for himself and not for the company in delivering the ticket to the porter, and by such delivery discharged himself from all liability to the company for the carriage to which the ticket related, the same as if the ticket had been surrendered directly to the conductor or any other agent or officer authorized to receive it in behalf of the company. *McNish* v. *The State*, 88 *Ga.* 499.        *Judgment reversed.*
October 15, 1894.

Indictment for larceny after trust. Before Judge CLARK. Fulton superior court. March term, 1894.

F. R. WALKER and G. P. ROBERTS, for plaintiff in error.

C. D. HILL, solicitor-general, and HILLYER, ALEXANDER & LAMBDIN, *contra*.

---

CORLEY *v.* THE STATE.

BLECKLEY, C. J.—1. The motion in arrest of judgment is controlled by *Moody* v. *The State*, 54 *Ga.* 660, in connection with *Arnold* v. *The State*, 51 *Ga.* 144, *Isom* v. *The State*, 83 *Ga.* 378, and *Jenkins* v. *The State*, 92 *Ga.* 470, 17 S. E. Rep. 693.

v 95-30