## HAUPT *v.* THE STATE.

When a corporation authorizes a person to receive money on its behalf from others, immediately upon the receipt of money so authorized to be collected a trust relation arises between the corporation and the person receiving the same; and if such person fraudulently converts the money so received to his own use, he may be indicted and punished under section 194 of the Penal Code, which prescribes the punishment to be inflicted for the fraudulent conversion by a person of money or other thing of value entrusted to him by another for the use and benefit of the "owner or person delivering it."

Argued June 19, — Decided July 19, 1899.

Indictment for larceny after trust. Before Judge Falligant. Chatham superior court. March term, 1899.

*Walter C. Hartridge*, for plaintiff in error.
*W. W. Osborne*, solicitor-general, contra.

Cobb, J. Haupt was indicted for the offense of larceny after a trust. The indictment contained several counts, each of them charging that the accused had "been entrusted by the Duffy Street Baptist Church, a corporation under the laws" of this State, with a certain sum of money, the property of the corporation named, "for the purpose of applying the same for the use and benefit" of the corporation; and that he wrongfully and fraudulently converted the same to his own use, contrary to the laws of the State. The amount alleged to have been converted was differently stated in the various counts, the highest amount being $2,598.28, and the lowest amount $1,011.46. Upon the trial it appeared that the church edifice of the Duffy Street Baptist Church had been injured by a storm, and that a committee composed of members of the church had come into existence and was known as a "building committee." This committee solicited and received donations from members of the church and others, to be used in making necessary repairs upon the church building. Haupt, who was a member of the church at the time, was also a member of the building committee, and was by that committee appointed its treasurer, and received from various sources funds which were to be used in repairing the church building. There was evidence tending to show that the aggregate amount so received was $4,166.80, and that the sum of $2,598.28 was unaccounted for. The accused in his statement admitted that he was elected treasurer of the building committee, and that "the building committee was empowered or appointed by the Duffy Street Baptist Church to erect a new building in the place of the building that was devastated by the storm." The minute-book of the corporation did not disclose any formal resolution appointing the building committee, but there was evidence from which the jury could infer that this committee had authority from the church to collect subscriptions on its behalf. The jury returned a verdict finding the accused guilty. He made a motion for a new trial, on the general grounds, and because the court erred in refusing to give in charge to the jury the following written request: "I charge you that a corporation can only act as a corporation. An act

on the part of an officer or committee must be shown to have been done by some authority vested in the officer or committee by the corporation." . The judge overruled the motion, and the accused excepted.

There can be no question that the facts disclosed by the present record would warrant a conclusion that the accused had misappropriated certain sums of money received by him as treasurer of the building committee of the Duffy Street Baptist Church, to be used for its benefit; and the only question presented is whether or not the facts above detailed warranted a conviction for the offense charged in the indictment. . The accused was indicted under the provisions of section 194 of the Penal Code, which provides that: " If any person who has been entrusted by another with any money, . . for the purpose of applying the same for the use or benefit of the owner or person delivering it, shall fraudulently convert the same to his own use, he shall be punished" in the manner therein prescribed. It is contended that, as the indictment charges that the fund which the accused converted to his own use was entrusted to him by a corporation, the Duffy Street Baptist Church, and as the evidence discloses that the money so converted was paid over to the accused by various societies and individuals to be applied for the use and benefit of the corporation, the offense charged in the indictment is not made out. Nothing more than the statement of the accused is necessary to show that the building committee was authorized by the church to collect subscriptions, and that he was authorized by the committee to receive them on its behalf. While there is nothing on the minutes of the church showing the appointment of this committee by the church or the conferring upon it of authority to receive contributions for the benefit of the church, there is evidence of certain witnesses for the State, who were members of the church, from which such authority might be inferred; but, as stated above, the accused in his statement practically admits that the building committee of which he was a member was appointed by the church, that authority to receive money for the benefit of the church was conferred upon it by the church, and therefore that the mem-

bers of the committee were the duly authorized agents of the church, and that he as the representative of the committee had authority from the church to receive money and hold the same for its benefit. This being so, the question arises whether the money paid over to the accused by the various contributors to the building fund was entrusted to his safe-keeping by them, within the meaning of the section of the Penal Code above quoted, or whether such money was entrusted to his safe-keeping by the Duffy Street Baptist Church, the person charged in the indictment to have entrusted him with it. In other words, it not being denied that the receipt of this money by the accused created a trust on his part, the question is, to whom did he owe the duty arising out of this trust? Was it to the contributor who paid him the money, or was it to the church for whose benefit the money was to be expended? We think this question is fully answered in the decisions of this court in the cases of *McNish* v. *State*, 88 *Ga.* 499, and *Rucker* v. *State*, 95 *Ga.* 465.

In the case first cited, the indictment alleged that McNish was entrusted by Raymond Judge with a certain check drawn by Judge on a bank, and made payable to the order of Wm. E. Guerard, agent, or bearer, "for the purpose of applying the same for the use and benefit of said Raymond Judge." From the evidence it appears that Guerard was a member of the firm of James B. West & Company, a partnership which transacted a wharfage business for itself, and represented another concern in the collection of freights. McNish was a clerk of West & Company, and he was in the habit of delivering bills of lading to customers and receiving checks from them in prepayment of bills of freight and wharfage. One of these customers was Raymond Judge, from whom McNish, acting in conformity to the custom, received the check described in the indictment. It was held that no trust between Judge and McNish was created, and that the accused could not be convicted on an indictment charging the creation of such a trust. Chief Justice Bleckley, in discussing the facts of that case, says: "It is manifest that Judge dealt with McNish, not as his own bailee, servant or agent, but as the clerk and representative of Jas. B. West &

Co. His object was, not to create a trust, but to pay a debt. He did not rely upon McNish to apply the check, but applied it himself. What he expected McNish to do was to deliver the check to the payee or to Jas. B. West & Co., or to collect it for their use and the use of the transportation company. When McNish did collect it, if not before, the debt was paid, and he held the money, not for the use of Judge, but for the use of Jas. B. West & Co., his employers. He was accountable to them. At their suit he could have been compelled to pay over the money, but at the suit of Judge no recovery could have been had against him, for the reason that, the debt of Judge being paid, the bill collected was discharged. He never for a moment held the money for the use of Judge or as his bailee. There was certainly a trust relation, but it was not between Judge and McNish, but between McNish and his employers." In the *Rucker* case it was held that an indictment for larceny after trust, which charged that a person unknown, a passenger on board a car, entrusted a ticket to the accused to be applied for the use of the railroad company, to whom it belonged after being so entrusted, was not supported by evidence that the accused received the ticket in the course of his duty as porter on the car, for the purpose of delivering it to the conductor, which he failed to do, but fraudulently converted it to his own use. This ruling was put on the ground that the trust proved was not one between the passenger and the accused but between the railroad company and the accused. In the present case Haupt was the agent of the church. The moment any money was received by him from any source to be applied for the benefit of the church, a trust arose between him and the church, and he was, within the meaning of the statute, entrusted by the church with that fund. The evidence supported the charge made in the indictment, and was sufficient to authorize the verdict rendered. The request to charge, so far as legal and pertinent, was fully covered by the general charge, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*