### 1510.   CHAFFIN v. THE·STATE.

1. Where A, as the owner, employs B to saw into lumber, for A's use and: benefit, a quantity of pine timber, and, for that purpose, entrusts ·B with the timber, the relation of bailor and bailee is created, and the· bailment is of both timber and lumber.

2. The allegation in the indictment descriptive of the bailment is that the defendant was entrusted by the prosecutor, as owner, with 5,000 feet· of sawed pine lumber, for the use and benefit of the prosecutor.  The: evidence shows that the prosecutor, as owner, entrusted him with pine· timber, out of which he was to saw the lumber and apply the lumber-

for the benefit and use of the prosecutor. *Held,* no material variance between the allegata and probata.

Indictment for larceny after trust, from Laurens superior court —Judge Martin.   October 17, 1908.

Argued December 8,—Decided December 22, 1908.

The defendant was indicted for the offense of larceny after trust, the material part of the indictment being as follows: "On the 15th day of February, 1903, having been previously entrusted by H. E. Kreutz with 5,000 feet of sawed pine lumber, of the value of $50, for the purpose of applying the same for the use and benefit of said H. E. Kreutz, the owner thereof, did fraudulently convert the same to his own use." The evidence on the part of the State was to the effect, that Kreutz was the owner of a sawmill, and of timber, mules, and carts, and that he employed the defendant to take possession of his mill, timber, and other property, and saw the timber into lumber for him; that the defendant was expressly prohibited from selling or disposing of any of the lumber, but that he was to hold it in his possession after having sawed it out of the timber of the prosecutor, subject to the order of the prosecutor; that in pursuance of this employment, the defendant took possession of the prosecutor's property, and sawed into lumber a large part of the prosecutor's timber; that, on account of his work for the prosecutor, he had been paid by the prosecutor, in money and supplies, the sum of $51.99; that after having sawed the timber into lumber, the defendant, without the knowledge or consent, and against the positive instructions, of the prosecutor, sold to different parties a large part of the prosecutor's lumber which he had sawed for him out of the timber. The contention of the defendant was, that he and the prosecutor were partners in the sawmill business, the prosecutor furnishing the mill, timber, mules, and carts, and he (the defendant) doing the work of sawing the timber into lumber, and that, after the lumber had been sawed he and the prosecutor were equally interested in the lumber.

The defendant objected to the evidence for the State, and excepted to the charge of the court on the subject of the bailment charged in the indictment; the objection to the evidence and the objection to the charge both being based on the assumption that there was a material variance, as to the bailment, between the allegation of the indictment and the proof, because the indictment

charged that the defendant was entrusted with 5,000 feet of sawed pine lumber of the value of $50, and the evidence showed that he was entrusted with pine timber for the purpose of sawing it into lumber.

It is clear, from the evidence, that the timber in question was not standing trees, but cut pine logs, to be sawed into lumber.

*John R. Cooper, C. A. Weddington,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The respective contentions of the State and the defendant, on the issue as to whether the defendant was employed by the prosecutor to saw the lumber for him, or whether the arrangement between the two was in the nature of a partnership, the property of the one to offset the labor of the other, and both partners to be the owners of the sawed lumber, were fairly and clearly submitted in the charge of the court to the jury, and the issue thus submitted was found against the contention of the defendant; and the evidence in behalf of the State is sufficient to warrant the conclusion of the jury on this question.

2. We do not think there was any material variance between the allegation and the proof relating to the bailment. The indictment alleged that the defendant had been entrusted by the prosecutor with 5,000 feet of sawed pine lumber, of the value of $50, for the purpose of applying the same for the use and benefit of the owner. The evidence showed that the defendant was entrusted by the prosecutor with his timber, out of which the lumber was to be sawed, and that the defendant was to hold possession of the sawed lumber for the prosecutor. The evidence does not contradict the allegation as to the bailment, but only adds to it. The timber was also entrusted to the defendant by the prosecutor, but, when the defendant had partially completed the purpose of the bailment in sawing the timber into lumber, the trust reposed in him by the prosecutor attached also to the sawed lumber. The present case is analogous in principle to that of *Barron* v. *State,* 126 *Ga.* 92 (54 S. E. 812). The defendant in that case was indicted for and convicted of the offense of simple larceny, but the Supreme Court held that the evidence upon the part of the State showed that the offense was larceny after trust, the evidence being that the prosecutor was the owner of some sheep, which he had purchased from the defendant

and had left in the defendant's possession as his (the prosecutor's) property, engaging the defendant to shear the sheep and bring the wool to town for the purpose of delivering it to him; and that the defendant did shear the sheep, but, instead of taking the wool to the prosecutor, sold it and converted the proceeds to his own use. Under these facts, the Supreme Court held that the relation of the parties was that of bailor and bailee, that the possession of the sheep was in the defendant and the possession of the wool was in the defendant, and if, under these circumstances, the defendant committed a larceny of the wool, the offense would be larceny after trust.

Under the facts of this case, the timber was in the possession of the defendant, and the sawed lumber was also in the possession of the defendant. Both timber and lumber were the property of the prosecutor; and the defendant was employed, according to the evidence for the State, by the prosecutor to saw the timber into lumber and hold the lumber thus sawed, as the bailee of the prosecutor. In other words, the bailment in question included both timber and lumber, and it was immaterial that the evidence proved both, while only one was charged. If A employs B to gin A's seed-cotton in A's gin, and B does so, but, after ginning it, fraudulently converts the lint cotton to his own use, and the indictment alleges that the bailment was of the lint cotton and the evidence shows that A first entrusted B with the seed-cotton, from which to gin the lint cotton, would this be a material variance? In such case would not the bailment be of both seed-cotton and lint cotton? We think this case in principle is fully controlled by the decisions of this Court in *Taylor* v. *State*, 2 *Ga. App.* 723 (59 S. E. 12), and in *Hagood* v. *State,* ante, 80 (62 S. E. 641). We conclude that the allegation in the indictment that the defendant had been entrusted with a certain quantity of sawed lumber, the property of the prosecutor, to be applied for the use and benefit of the owner, is established by the evidence, which shows that the defendant was entrusted with the timber by the prosecutor, to be sawed into lumber, and that he fraudulently converted the lumber to his own use.

The exceptions made to certain parts of the charge relate to the question of variance above considered, and it is unnecessary to decide them.          *Judgment affirmed. Russell, J., dissents.*