## 7716.  McCOY v. THE STATE.

1. The indictment was not subject to demurrer on the ground that it failed to show whether the larceny after trust charged therein was the offense defined in section 192, or one defined in section 189, of the Penal Code of 1910. The indictment was based on section 192, the charge being that the accused was intrusted by a named person with a stated sum of money "for the purpose of applying the same for the benefit of" that person, and, after having been so intrusted, fraudulently converted it to his own use.

2. Evidence authorizing a finding that in the county named in the indictment the accused was intrusted with money, and that afterwards he fraudulently converted it to his own use, is sufficient to warrant a finding that the conversion took place in that county, when there is no evidence that he ever left the county or that the conversion was made elsewhere.

3. The provision of section 192 of the Penal Code of 1910, that where the money or other thing fraudulently converted "does not exceed fifty dollars in value, the punishment shall be as for a misdemeanor," is not applicable where the money is delivered in installments as parts of a larger sum under a single agreement, and more than fifty dollars so delivered is fraudulently converted, although no single installment exceeds fifty dollars.

4. The court did not err in charging the jury to the effect that if there was a fraudulent conversion, a subsequent offer to pay back the money would not "affect the crime."

5. The evidence authorized the verdict; and there is no merit in any of the assignments of error.

Decided November 22, 1916.

Indictment for larceny after trust; from Fulton superior court— Judge B. H. Hill.  July 8, 1916.

*T. J. Ripley, R. Shropshire,* for plaintiff in error.

*Eb. T. Williams, solicitor-general, A. L. Ivey,* contra.

Hodges, J.  McCoy was charged with the offense of larceny after trust, and the jury found him guilty.  According to the testimony for the State, McCoy sought out the prosecutrix and told her that he was in the real estate business and was agent for the sale of a piece of real estate, which he would sell her for $1,300— $300 cash and the balance in installments; that if she paid him the $300 cash he would send the money to the owner and get her a bond for title from the owner; and she paid him at different times, in separate amounts, the aggregate amount of $300, which he unlawfully and fraudulently converted to his own use.  McCoy contended that if she paid him the money, her only right would be to sue him and get a judgment against him.  He further contended

that, through his attorney, he made an offer to pay back a certain portion of the money. The accused made no statement at the trial, and the only evidence he offered was the testimony of one witness upon the offer of compromise, and a certain bond for title covering the property involved in the case.

1. As the case was submitted to this court by brief, the assignments of error relied on in the brief will be disposed of seriatim. A general and special demurrer to the indictment was filed. The exception to the overruling of the general demurrer is abandoned, but the plaintiff in error insists upon the grounds set forth in the special demurrer. He contends that there are two sections of the Penal Code under which he could be prosecuted. In one the penalty is from two to seven years, in the other from one to five years. He insists that having specially demurred to the indictment, he had a right to know for which crime and under which section he was being prosecuted, and that the State should have been required to elect and state on which section the indictment was based. Under section 189 of the Penal Code, if any bailee with whom money is intrusted or deposited shall fraudulently convert it or any part of it to his own use, he is punishable for a term of not less than two years nor longer than seven years. Under section 192 of the Penal Code, if any person, being instrusted by another with any money *"for the purpose of applying the same for the use or benefit of the person delivering it,* shall fraudulently convert the same *to his own use,"* he is punishable for not less than one nor longer than five years. It is manifest that under § 192 it is necessary to allege in the indictment that the money intrusted was intrusted "for the purpose of applying the same for the use or benefit of the owner or person delivering it," while under § 189 such an allegation is unnecessary, it being there provided that if a "bailee with whom any money . . may be intrusted or deposited shall fraudulently convert the same or any part thereof to his own use," etc., he shall be punishable for not less than two nor longer than seven years. The indictment charged the accused with the offense of larceny after trust, "for that said accused, in the County of Fulton and State of Georgia, on the 1st day of August, 1915, with force and arms, having been intrusted by Nancy Wilson with three hundred dollars ($300.00) in money of the value of three hundred dollars, and the property of the said Nancy Wilson, for the purpose of ap-

plying the same for the use and benefit of the said Nancy Wilson, after having been so intrusted, did wrongfully, fraudulently, and feloniously convert said three hundred dollars to his, the said Noah McCoy's, own use." It will be observed that the indictment alleges that the money was intrusted to the accused "for the purpose of applying the same for the use and benefit of the said Nancy Wilson;" and no such allegation as to the purpose for which the money was intrusted is necessary under § 189, while such an averment is essential under § 192. This allegation confines the indictment to § 192, and clearly demonstrates that it was framed under the terms of that section. An indictment framed under § 189 can not be based upon § 192, and an indictment framed under § 192 can not be maintained under the terms of § 189. There is no law requiring the State to inform the accused as to the law of the case, and there was no error on the part of the court in not requiring the solicitor-general so to do.

2. It is contended that the venue of the crime was not shown upon the trial. The testimony of the prosecutrix on this point is as follows: "I paid him $285 in money, to pay on the place at 96 Rawson street, Atlanta, and I paid him all the money in Fulton county, Georgia." "Evidence authorizing a finding that the accused was in a particular county intrusted with money, and that he thereafter fraudulently converted the same to his own use, is sufficient to warrant a finding that the conversion took place in that county, when there is no evidence showing that he ever left the county, or tending to establish the fact that the conversion was made beyond its limits." *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63); *Bowen* v. *State,* 16 *Ga. App.* 179 (84 S. E. 793).

3. In the brief of counsel it is contended that "the defendant was entitled to be convicted for a misdemeanor, and not a felony," in that the evidence failed to disclose that more than $50 was taken at any one time; and that if he was guilty, the amount taken at each time did not exceed $50, and that in no instance, if he fraudulently converted the money, had he committed a felony. It appears, from the evidence, that the prosecutrix made an agreement with the defendant to purchase a certain piece of land, and that from time to time, in pursuance of the terms of the contract, she paid him certain installments, which he converted to his own use. The

entire transaction was based upon the original contract for the purchase of the land, the prosecutrix agreeing to pay a certain amount in installments and the defendant undertaking to pay over the money to the owner of the property and get a bond for title for her. There was a series of conversions, continuous overt acts, governed and controlled by one criminal intent on the part of the accused, and that was to convert to his own use the money received from the prosecutrix under the contract. Under the law it matters not how many conversions, separate and distinct, it took to consume the total sum paid to him; it was all one continuous act. In *Jackson* v. *State,* 76 *Ga.* 551, the indictment alleged that Jackson, the president of a manufacturing company, had converted to his own use the sum of $117,667.24, and set out the several items embezzled from June 7, 1879, to October 23, 1882. The indictment contained one count, and the court held that it was proper for the solicitor-general to charge in one count the entire amount embezzled, without setting forth the separate items embezzled and the time of the embezzlements. From a careful reading of the record in *Jackson's* case it is clear that the State is not required to prosecute one for a misdemeanor where the crime was committed with a single intent, though the separate items fraudulently converted did not in any single instance exceed $50. If the testimony for the State is true, the total amount paid to the accused exceeded $50, and this amount he converted in smaller sums at separate and distinct times when paid to him under the contract; and there is no law to prevent the State from prosecuting the case as a felony.

4. Exceptions are taken to the instruction of the court that any offer on the part of the accused to pay back the money "would not affect the crime, if any;" that after the conversion, if there was a conversion, a settlement of the case without authority of the court would be compounding a felony. The accused contended that under the law he had the right to pay back the money and stop the prosecution; that the greatest amount of money taken at any one time was $50, making the offense a misdemeanor; and that he had the right to settle a misdemeanor. If the evidence for the State is true, an attempt to pay back the money or any part thereof fraudulently converted on the part of the accused, after the conversion, would be an attempt to compound a felony; and the court did not err in instructing the jury to that effect.

5. There is no merit in any of the assignments of error. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.        *Judgment affirmed.*