### 13826.   MINNIS *v.* THE STATE.

Under an indictment for larceny after trust, based on section 192 of the Penal Code of 1910, and charging the conversion of a stated sum of money alleged to have been entrusted to the accused by named persons, evidence was admissible to show that the accused contracted with these persons to subdivide and sell certain lands belonging to them and, after deducting certain commissions, to account to them for the proceeds. No material variance from the allegations of the indictment was shown by such evidence.

A ground of the motion for a new trial, as to the admissibility of evidence, is not in proper form for consideration; and no error is shown by the other special grounds of the motion.

DECIDED NOVEMBER 16, 1922.

Indictment for larceny after trust; from Fulton superior court —Judge Humphries. July 1, 1922.

S. C. Crane, R. E. Church, for plaintiff in error.

John A. Boykin, solicitor-general, E. A. Stephens, contra.

BLOODWORTH, J. 1. None of the excerpts from the charge of which complaint is made in the motion for a new trial are erroneous, and all were authorized by the evidence.

2. The 2d ground of the amendment to the motion for a new trial cannot be considered, for two reasons: (a) "It is not complete and understandable within itself, and, to ascertain whether the evidence objected to and admitted was material, this court would have to refer to the brief of the evidence." Jones v. State, 27 Ga. App. 574 (3) (109 S. E. 515); Cæsar v. State, 22 Ga. App. 796 (1) (97 S. E. 255). (b) "It is not shown what objection to the admission of the evidence was made at the time, nor on what ground the motion to rule out the same was based." Johnson v. State, 151 Ga. 21 (105 S. E. 603).

3. The indictment charged the defendant with larceny after trust, for that, "having been intrusted by the Thos. J. Ritchie and John S. Wells with fourteen hundred dollars ($1400.00) in money of the value of fourteen hundred dollars, and the property of the said Thos. J. Ritchie and John S. Wells, for the purpose of applying the same for the use of and benefit of said person and owner so intrusting the same, after having been so intrusted did wrongfully, fraudulently and feloniously convert said fourteen hundred dollars to his, the said John L. Minnis,' own use." The terms of this indictment show that it was based upon section 192 of the Penal Code of 1910. McCoy v. State, 19 Ga. App. 32 (1) (90 S. E. 737). Under this indictment evidence was admissible to show that the accused contracted with T. J. Ritchie and J. S. Wells to subdivide certain lands which belonged to them, sell the lots, and, after deducting certain commissions, account to them for the net proceeds. Such evidence would not show a material variance from the allegations of the indictment. Chaffin v. State, 5 Ga. App. 368, 370, 371 (63 S. E. 230); Hagood v. State, 5 Ga. App. 80 (6), 89 (62 S. E. 641); Barron v. State, 126 Ga. 92 (1), 94 (54 S. E. 812); Haupt v. State, 108 Ga. 64 (34 S. E. 831).

Judgment affirmed. Broyles, C. J., and Luke, J., concur.