## 33231. YEARWOOD *v.* THE STATE.

Decided October 19, 1950. Rehearing denied December 12, 1950.

*Marvin D. Pierce Jr., O. J. Tolnas,* for plaintiff in error.

*Carey Skelton, Solicitor-General, R. Howard Gordon, Thomas E. McLemore,* contra.

GARDNER, J. The defendant was indicted and convicted for an alleged violation of Code § 26-2811, which reads as follows: "Any person who has been entrusted by another with any . . article of value, for the purpose of selling the same and paying the proceeds of such sale to the owner or other persons so entrusting or delivering the article, who shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so entrusting or delivering it, and without paying to such owner or person the full value or market price thereof, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." By its plain terms, this statute makes it a penal offense for one to sell or otherwise dispose of timber or lumber belonging to another, after having been entrusted by such other person with the same for the purpose of selling it and delivering the proceeds of the

sale to the owner or person so entrusting or delivering the timber or lumber to him, and to fail to pay the proceeds of such sale to the owner or person so entrusting or delivering the timber or lumber or other property. There would be no violation of this section unless the State shows beyond a reasonable doubt that there was an actual entrusting or delivery of the property to the defendant and a conversion thereof by him by sale or otherwise and failure to pay the proceeds of the sale to the person entrusting or delivering the lumber or property to him. Under this section it must appear that a bailment is created by the owner of the property or person entrusting the defendant therewith, and the defendant. If, under the facts, no bailment appears, then there can be no larceny after trust under this section by a failure of the defendant to pay the proceeds of the sale of the property over to one who advanced money to him on his representation that he would sell certain property which he stated he had in his possession, and in which he had an interest, and repay the person advancing the money therefrom.

It appears from the evidence that the Williams Brothers Lumber Company, a corporation, did not have any title to nor interest in the timber on the Dickson tract. The defendant, having been vested with the title thereto, purchasing same from H. R. and J. R. Williams, made to them a security deed to secure the balance due by him to them on the purchase-price thereof. This conveyance was never transferred to the corporation. H. R. and J. R. Williams were two of the stockholders of said lumber corporation. Their title to secure the balance due them on the purchase price remained in them and was not the title of the corporation, nor did the fact of their being stockholders give to the corporation any legal interest as contemplated by the Code section under which the defendant was indicted, in said timber on the Dickson tract. The evidence further disclosed that the transactions in which it is claimed that the defendant violated Code § 26-2811 by obtaining advances of money from the corporation on the lumber sawed from this timber and which he stated that he had stacked upon his yard took place from August 28, 1948, through October, 1948, and during that time the corporation had no title or interest as to the Rutherford tract, as it affirmatively appears from the evi-

dence that the defendant acquired the timber on this tract from Mrs. Dora Rutherford on December 11, 1948, and on the same day transferred same to the lumber corporation to secure the advance by it to him of the purchase-money for this tract of timber. During said time, from August, 1948, through October, 1948, the title to the Dickson tract of timber and to the lumber sawed by the defendant therefrom was in said H. R. and J. R. Williams. It does not appear therefore, that Williams Brothers Lumber Company, who it is set out in the indictment owned the lumber and entrusted or delivered same to the defendant to be sold by him and a portion of the proceeds paid to it, did not have title thereto and could not entrust the same to the defendant.

There was a variance between the person named in said indictment as the owner of the timber and the lumber sawed and the persons shown by the evidence to have been the owners. As to the lumber cut from the Dickson tract, the corporation did not have any title or interest insofar as the evidence discloses, but on the contrary the title thereto was in H. R. and J. R. Williams individually. As to the small tract of timber acquired by the defendant from Mrs. Dora Rutherford, during the time the secretary and treasurer of the lumber corporation claimed that the defendant was entrusted by said corporation with certain lumber to sell and pay over to it the proceeds, from which it was to deduct certain sums, including the advancements made to defendant, said timber had not been acquired from Mrs. Rutherford and transferred to the corporation and therefore cannot be considered as evidence sustaining a conviction under the indictment in the instant case. The evidence therefore fails to sustain the allegations of the indictment that the lumber corporation entrusted or delivered to the defendant certain lumber which it owned for sale by him and the proceeds of the sale to be paid over to the lumber corporation, and that the defendant had on January 10, 1949, fraudulently converted the same to his own use without paying to the lumber corporation the full value and market price thereof. It does not appear that the lumber corporation owned such lumber, but it appears to the contrary, namely that the same was owned by H. R. and J. R. Williams, two of the stockholders in said corporation; and nei-

ther does it appear that the lumber corporation entrusted or delivered said lumber to the defendant, but it does appear that the defendant already had possession of the lumber, together with the right to the possession thereof, under the terms of the contract between the defendant and H. R. and J. R. Williams. Under the facts, there was clearly no bailment, no entrustment or delivery of the lumber by the corporation to the defendant for a specific purpose, which he fraudulently failed to comply with. It appears affirmatively that the lumber corporation did not have title to or own said lumber. At most the evidence shows a representation by the defendant which may or may not have been true and shows a failure of the defendant to sell the lumber represented by him to be stacked in his yard and on which the lumber corporation advanced or loaned certain sums of money, and to account to or failure to pay to the lumber corporation for the sums advanced plus the stumpage claimed. This would not be, under the facts appearing here, any fraudulent conversion of the lumber or the proceeds thereof by the defendant, particularly as to the lumber corporation as charged in the indictment.

It follows that the evidence failed to sustain the allegations of the indictment and that the State did not show beyond a reasonable doubt that the defendant was guilty as charged. The alleged bailment or trust must be proved as laid and proof as to H. R. and J. R. Williams would not suffice to sustain the defendant's conviction. See *Rucker* v. *State,* 95 *Ga.* 465 (20 S. E. 269).

There is nothing in the case of *Chaffin* v. *State,* 5 *Ga. App.* 368 (63 S. E. 230), to the contrary of what we now rule. In that case the defendant had no interest in the timber or lumber, as did the defendant in the case at bar.

The two stockholders, H. R. and J. R. Williams, cannot be considered as agents of the lumber corporation in the transactions relative to the contracts concerning the Dickson tract and the timber and lumber cut therefrom. These contracts were under seal and it cannot be said that these two stockholders were acting as agents for the corporation, which was not a disclosed principal in the contracts. See *Lenney* v. *Finley,* 118 *Ga.* 718 (45 S. E. 593).

The trial court erred in overruling the defendant's motion for new trial on the general grounds. As a new trial is granted on the general grounds, it becomes unnecessary to consider the special assignments of error contained in the amendment to the motion for new trial.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*