McCrary *vs.* The State of Georgia.

## McCrary *vs.* The State of Georgia.

The charge in the indictment being that defendant, having been entrusted by Emma Lipscomb wi h a certain amount of money to be applied to the use and benefit of Ike Lipscomb, to whom it belonged, fraudulently converted it, etc., was not sustained by the evidence, which showed that the confidence was reposed in defendant and the trust delegated to him by Ike Lipscomb, and that Emma simply acted as the agent of Ike in handing defendant the money, which belonged to Ike.

May 16, 1888.

Criminal law. Indictment. Evidence. Before Judge Harris. Campbell superior court. August adjourned term, 1887.

Reported in the decision.

T. W. Latham, for plaintiff in error.

H. M. Reid, solicitor-general, for the State.

Simmons, Justice.

It appears from the record in this case that Fillmore

McCrary was indicted by the grand jury of Campbell county for the offence of larceny after trust delegated, "for that the said Fillmore McCrary, in the county aforesaid, on the 22d of July, in the year 1887, having been entrusted by Emma Lipscomb with $2.50 in money, for the purpose of applying the same to the use and benefit of Ike Lipscomb, to whom the same belonged, did fraudulently convert the same to his own use, and did then and there dispose of the same, to the injury and without the consent of said Ike Lipscomb, the owner thereof, and without paying to Ike Lipscomb, the owner thereof, on demand, the full value and market price thereof."

On the trial of the case the jury rendered a verdict of guilty, and the defendant made a motion for a new trial, which was overruled by the court, and he excepted.

The view we take of this case renders it unnecessary to discuss any of the grounds of the motion except the first ground thereof, to wit, "because the verdict was contrary to the evidence and the law of the case." We think the court should have granted a new trial upon that ground, because, in our opinion, the evidence adduced upon the trial did not sustain the charge contained in the indictment. It will be seen by reference to the portion of the indictment above set out, that it charges that this defendant, having been entrusted by Emma Lipscomb with a certain amount of money to be applied to the use and benefit of Ike Lipscomb, to whom it belonged, fraudulently converted it, etc. We have carefully read the testimony as sent up in this record, and we think that the evidence clearly shows that the defendant was not entrusted with the money by Emma Lipscomb, but by Ike Lipscomb. According to this evidence, there was no confidence reposed by Emma Lipscomb in this defendant; nor was there any trust

delegated by her to this defendant; but the evidence clearly shows that the confidence was reposed and the trust delegated to him by Ike Lipscomb. It is true that the evidence shows that the act of handing the defendant the money was done by Emma Lipscomb, but it furthermore shows that the money was not hers, and that the understanding and agreement with the defendant was made and entered into by Ike Lipscomb, and not by Emma. The defendant admitted, when confronted with Roan and Golightly, that he had promised Ike Lipscomb to deliver the money to Roan. Taking the whole testimony together, it shows that it was Ike Lipscomb's money, and was to be paid to Roan for Ike Lipscomb's use and not for Emma Lipscomb's use, and that Emma was simply the agent of Ike, her only connection with the transaction being simply to deliver the defendant the money, and to repeat the instructions of Ike Lipscomb. For these reasons, we think that the State failed to make good its charge that the money was entrusted to the defendant by Emma Lipscomb; and on this ground the judgment of the court below is reversed.