## JOHNSON v. THE STATE.

1. The charge on the subject of the presumption arising from proof of the killing was in substantial accord with the ruling in *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934) ; and when the excerpt to which exception was taken is construed in the light of the entire charge, it was not open to the criticism that the court failed to charge the jury the effect of evidence of an accidental or unintentional killing.

2. When taken in connection with the evidence and the entire charge, under the ruling in *Brooks* v. *State*, 114 *Ga.* 6 (39 S. E. 877), the charge that "when an officer is shot and killed by one whom he is seeking legally to arrest, in a legal manner, the offense is murder and not manslaughter," was not erroneous.

3. Under the decision in *Hill* v. *State*, 41 *Ga.* 484, the omission by the court to charge on the subject of involuntary manslaughter in the commission of an unlawful act, based on the theory of an accidental discharge of the pistol, furnishes no ground for reversal, where the court charged that the same facts on which instructions as to involuntary manslaughter might have been based would result in the acquittal of the accused. Such charge was more favorable to the defendant than that which he complains was not given.

4. Allowing the State to reopen the case and introduce additional evidence was a matter within the sound discretion of the presiding judge; and there was nothing to show that such discretion was abused.

5. The charge complained of in the 9th ground of the motion for new trial was not erroneous for any of the reasons assigned.

6. There was nothing in any of the other grounds of the motion for new trial which requires a reversal. The evidence was sufficient to support the verdict, and the refusal of a new trial was not error.

Argued January 20,—Decided January 31, 1908.

Indictment for murder. Before Judge Roan. Fulton superior court. December 28, 1907.

*W. R. Hammond* and *J. C. Chapman*, for plaintiff in error.

*John C. Hart*, attorney-general, and *C. D. Hill*, solicitor-general, contra.

ATKINSON, J. 1. Complaint is made that the court instructed the jury as follows: "Now, gentlemen, as before said, he commences this trial with the presumption of innocence in his favor; but I charge you, that, when the killing is shown, if it is shown to be the act of the prisoner, and if it is shown that Manier was killed as charged in this bill of indictment, by being shot to death with a pistol, if the evidence shows that this defendant here did the killing, then the burden is cast upon the defendant to either justify the killing or to show something to mitigate it." The

ground of exception was that the court failed to explain to the jury that if the killing was done by the defendant accidentally or unintentionally, then such killing would not cast the burden upon the defendant of justifying it or mitigating it, and further, because the charge did not "explain to the jury that an accidental killing would not cast the burden on the defendant." In addition to the excerpt complained of, the judge charged in connection therewith that "the evidence to do this, to justify it or to mitigate it or to excuse it, may come from evidence offered by the State to prove the homicide, or it may come from the evidence offered by the defendant, or from the defendant's statement, if you believe it." The charge as a whole was substantially the same as was delivered in the case of *Mann* v. *State,* which was considered and approved in 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). In immediate connection with that portion of the charge to which reference has been made, the judge did not explain that if the killing was done by the defendant accidentally or unintentionally, such killing would not cast the burden upon the defendant of justifying or mitigating it; but in the last part of the charge the court did instruct the jury that if they believed that in a struggle over the pistol, without any intention to shoot the officer, the pistol was accidentally discharged and killed the officer, the defendant could not be found guilty. Taking the charge as a whole, it is not subject to the criticism of counsel for plaintiff in error, to which we have already referred.

2. The court instructed the jury that "when an officer is shot and killed by one whom he is seeking legally to arrest in a legal manner, the offense is murder and not manslaughter." Error is assigned upon this charge, because it did not state the law correctly, and because it excluded from the jury the defendant's defense that the killing was not done with malice, and for this reason was not murder. Under the ruling in the case of *Brooks* v. *State,* 114 *Ga.* 6-8 (39 S. E. 877), the charge complained of, taken in connection with the evidence and the entire charge, was not erroneous. Elsewhere in the charge the court submitted to the jury the question of whether the killing was done to prevent a legal arrest.

3. Error is assigned upon the failure of the judge, in his charge to the jury, to explain and define the law of involuntary manslaughter in the commission of an unlawful act, but confining the

jury to the issue of murder, voluntary manslaughter and justifiable homicide. In connection with this ground of the motion for new trial, the judge certifies that it is to be considered in the light of the charge taken as a whole and the evidence in the case, and that the court did charge the jury that if the pistol, in the struggle over it, went off accidentally, without intention to shoot the officer, and the officer was killed by such accidental discharge of the pistol, the defendant could not be found guilty. It is insisted that, while the law of involuntary manslaughter in the commission of an unlawful act was not given in charge to the jury, the charge which was given was more to the advantage of the prisoner than a charge upon the law which, it is contended, should have been made. This contention is supported by the ruling in the case of *Hill* v. *State,* 41 *Ga.* 484, where it is said: "When the omission to give a charge by the court is supplied by the judge giving a more favorable charge than the law of the case authorized, held, that this omission was not error." It happens that the case cited involved an assignment of error upon the omission of the judge to charge the law of involuntary manslaughter in the commission of an unlawful act. The tenth division of the opinion deals with the assignment of error, and discloses such facts as show the ruling to be controlling in the case now under consideration.

4. In another ground of the motion for new trial, the plaintiff in error complains, that, after the State had closed its case and the defendant had closed his evidence in reply, the court permitted a witness for the State to testify, over objection made by defendant's counsel that the "evidence was not in rebuttal of anything offered by the defendant, and it was not competent for the State to introduce additional evidence in chief, after having closed in chief, and after the defendant had closed." This was a matter in the discretion of the court, and, under the ruling in *Cooper* v. *State,* 103 *Ga.* 63 (29 S. E. 439), did not require the grant of a new trial.

5. A certain excerpt from the charge was assigned as erroneous, the grounds of error alleged being in effect: (*a*) that the court confined the jury to the question of whether the officer used excessive force in making the arrest; (*b*) that the language employed was calculated to prejudice the minds of the jury; (*c*) that the charge in regard to the commission of an offense by the defend-

ant in the presence of an officer was not justified by the evidence, it not having been made to appear with sufficient legal certainty that the defendant was committing any offense against any law, State or municipal, or that such offense was being committed in the presence of the officer, or that the officer was seeking to arrest him therefor. We do not think that the charge excepted to is subject to any of the criticisms made upon it. The charge began by saying: "I charge you that if you believe beyond a reasonable doubt, from the evidence in this case, that this defendant on trial, Andrew Johnson, in this county, on or about the time charged in the bill of indictment, if he committed a crime, that is, if he had violated the law in the presence of this officer, and this officer, in furtherance of his duty, was making an effort in a legal way to place this man under arrest, . . and if he made the effort to arrest him for an offense committed in his presence, and that effort was in a legal way, that is, if he did not exceed his authority in putting him under arrest, if he did not use any excessive force," etc. This quotation shows on its face that the presiding judge did not confine the jury to the consideration of whether the force used by the officer in making the arrest was excessive, but submitted to them to determine whether an offense against the law was committed in his presence and whether he made the arrest therefor, as well as whether he used unnecessary or excessive force in making the arrest. There was nothing in the language of the court calculated to prejudice the jury against the defendant. There was sufficient evidence to authorize a charge on the subject of whether the defendant committed an offense in the presence of the officer. The testimony of the witnesses, taken in connection with the defendant's statement, tended to show that the defendant, at the time of the attempted arrest, was in an intoxicated condition and using profane language on the public highway in the City of Atlanta—a misdemeanor under the act of 1905 (see Acts 1905, p. 114), and also that he was carrying a concealed pistol, which he endeavored to draw when the attempt was made to arrest him, and that the arrest was for one or both of these offenses.

6. None of the other grounds of the motion for new trial require a reversal. The evidence was sufficient to show that the accused was violating the law of the State in the presence of a police officer of the City of Atlanta within the city, and that upon

an effort of the officer to arrest him for such violation of law he drew a pistol and shot the policeman, causing his death. The jury were authorized to find him guilty of murder, and the motion for new trial presents no reason sufficient to require interference with the verdict.       *Judgment affirmed. All the Justices concur.*