### 7441. THOMPSON *v.* THE STATE.

HODGES, J. 1. The law does not require the grand jury to keep minutes of its proceedings. The fact that the clerk or secretary of the grand jury did keep such minutes does not preclude a witness from testifying as to what was said and done in the grand-jury room on a consideration of an indictment. The court did not err in permitting the witness to testify that the prosecutor, being regularly drawn and impaneled on the grand jury, was excluded from the grand-jury room while the grand jury was considering the indictment found in this case. *Green* v. *State,* 124 *Ga.* 343 (52 S. E. 431).

2. The defendant demurred to the indictment as a whole, and moved that it be quashed. The indictment was in two counts; and if either of the counts was good, the demurrer was not good. It did not appear that both counts should be quashed; and therefore the court did not err in overruling the demurrer to the indictment as a whole.

3. If upon the trial of a case it appears that the charge preferred by the State is duplicitous, the court, after the evidence is closed, may require the State to elect upon which count it will proceed.

*Judgment affirmed.*

DECIDED JULY 27, 1916.

Indictment for libel; from Bibb superior court—Judge Mathews. March 1, 1916.

*W. D. Nottingham, C. H. Hall, C. L. Bartlett,* for plaintiff in error. *John P. Ross, solicitor-general,* contra.