### 7892. WHITE *v.* THE STATE.

1. The description of property, in an indictment for larceny after trust, as "two bales of lint cotton, weighing about five hundred pounds each, . . and of the value of sixty dollars each," the property of a named person, who, it was alleged, had intrusted the property to the defendant, was not insufficient.

2. The court did not err in refusing to declare a mistrial because the prosecuting attorney, in his concluding argument to the jury, referred to the accused (a negro) as "a sweet-smelling shrub," "big Injun," and "big Ike." If the effect of this language was prejudicial to the accused, the harmful effect was removed by the action of the judge in directing the attorney to desist from such references, and in ruling out the remarks complained of, and by the attorney's withdrawal of the remarks and his apologies to the court.

3. A conviction of larceny after trust is not authorized where the proof shows that the purpose of the trust was different from that alleged in the indictment.

DECIDED FEBRUARY 1, 1917.

Indictment for larceny after trust; from Floyd superior court— Judge Wright. September 25, 1916.

*W. B. Mebane, Sharp & Sharp,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

WADE, C. J. 1. The indictment charged "the offense of larceny after trust delegated, for that" the accused, "after being intrusted by J. C. Sheppard with two bales of lint cotton, weighing about five hundred pounds each, then and there the property of said J. C. Sheppard and of the value of sixty dollars each, for the purpose of selling same and paying the proceeds of said sale to said J. C. Sheppard, did fraudulently convert said two bales of cotton to his own use, to the injury and without the consent of the said J. C.

Sheppard, and without paying to the said J. C. Sheppard the full value or market price thereof, contrary to the laws," etc. The court properly overruled the demurrer based upon the ground that the property alleged to have been converted was not described with sufficient definiteness and particularity to put the defendant on notice. *Cody* v. *State,* 100 *Ga.* 105 (2), 110 (28 S. E. 106); *Sanders* v. *State,* 86 *Ga.* 717 (3), 723 (12 S. E. 1058); *Alderman* v. *State,* 57 *Ga.* 367 (2); *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63). The case of *Bright* v. *State,* 10 *Ga. App.* 17 (72 S. E. 519), relating to an indictment for simple larceny, is not in point or in conflict with this ruling.

2. The remarks of the solicitor-general in his concluding argument to the jury, complained of in the only special ground of the motion for a new trial, were not of such harmful effect as to require that a mistrial be declared by the court. The prejudicial effect, if any, was sufficiently removed by the action of the court in directing the solicitor-general to desist from such references, and in ruling out the remarks complained of, and by the solicitor-general's withdrawal of the remarks and his apologies therefor to the court.

3. The indictment alleged a trust for the purpose therein set forth, and the proof showed a trust for an entirely different purpose. "The indictment being for larceny after a trust had been delegated, in order to convict the accused it was necessary to prove the creation of the trust described in the indictment, and a fraudulent breach of it in the manner alleged. To charge one trust and prove another would not suffice. *Carter* v. *State,* 53 *Ga.* 326; *McCrary* v. *State,* 81 *Ga.* 334 [6 S. E. 588]." *McNish* v. *State,* 88 *Ga.* 499, 500 (14 S. E. 865). The evidence failing to support the particular allegations made in the indictment, the conviction of the accused was unauthorized, and the court erred in overruling the motion for a new trial, based upon the general grounds.

*Judgment reversed. George and Luke, JJ., concur.*