### 11373.   CARTY v. THE STATE.

PER CURIAM.  1. A nolle prosequi as to some of the counts in the indict-
ment works no acquittal, but leaves the prosecution just as though
such counts had never been inserted in the indictment.  Dealy v. United
States, 152 U. S. 539 ,(1)  (38 L. ed. 545) ;  Martin v. State, 10 Ga. App.
795  (1)  ,(74 S. E. 304), and authorities cited.  See also 20 Standard
Enc. Proced. 655(1).  Under this ruling the court did not err in per-
mitting counts 2 and 4 of the indictment to be quashed.
2. After counts 2 and 4, which charged simple larceny, were quashed, the
remaining counts of the indictment were not subject to the demurrer
interposed, and the court did not err in overruling it.
3. The indictment charged the offense of larceny after trust, for that the
defendant, "after having been entrusted by Thomas A. Gary with
twelve hundred dollars in money, of the value of twelve hundred dol-
lars, the property of said Thomas A. Gary, for the purpose of applying
.the same to the use and benefit of the said Thomas A. Gary, did fraud-
udently convert the same to his own use, " contrary to the laws, etc.
The evidence did not show the trust as alleged, but conclusively showed
.that the sum of money turned over to the defendant was to be applied
for the benefit of Frank Gary, the son of Thomas A. Gary, to settle
some debts and executions against Frank Gary.  Therefore, the con-
viction of larceny after trust is not authorized, because the proof shows
that the purpose of the trust was different from that alleged in the
.indictment.  See White v. State, 19 Ga. App. 230 (3) (91 S. E. 280),
and cases cited.  For this reason alone the judgment of the court over-
ruling the. motion for a new trial is

Reversed.  Broyles, C. J., and Luke and Bloodworth, JJ., concur.

DECIDED JANUARY 28, 1921.

Indictment for larceny after trust; from Lowndes superior
court — Judge Humphries presiding.  February 14, 1920.

The defendant demurred to the indictment on the ground that
there was a misjoinder of counts, the second and fourth counts
charging simple larceny, a misdemeanor, and the other counts
charging a felony.

Milner & Farkas, Pottle & Hofmayer, for plaintiff.

C. E. Hay, solicitor-general, J. B. Copeland, contra.