## 23231. ANTHONY *v.* THE STATE.

DECIDED JULY 6, 1933.

*E. W. Roberts,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

BROYLES, C. J. The indictment contains several counts, and the accused was convicted on count one only. That count charged him with the offense of larceny after trust, and alleged that he, "having been intrusted by one R. L. Anthony with one bale of cotton, . . the same having been grown on the lands of Mrs. O. J. Sala by said R. L. Anthony, and of the value of $28.24, the said bale of cotton having been intrusted to said E. F. Anthony [the defendant] for the purpose of selling same and paying one half of same over to said Mrs. O. J. Sala, the owner, the said E. F. Anthony, did then and there sell same and convert the proceeds of same to his own fraudulent use, . . " The defendant's motion for a new trial was overruled, and he excepted.

The evidence fails to support the material allegation in the first count of the indictment, to wit, that R. L. Anthony was the person who intrusted the bale of cotton to the defendant. On the contrary, the undisputed evidence shows that no such trust existed. R. L. Anthony, who was a witness for the State, testified: "I am Earl Anthony's [the defendant's] half uncle. I farmed on the Sala place in 1931 and 1932, and am still there. The first bale I picked out, Earl said something about selling it. *I told him I would have nothing to do with it;* he said he would take it all on himself and sell it. He sold it and brought me my half of it." (Italics ours.) The foregoing evidence of R. L. Anthony, which was uncontradicted by any other evidence in the case, clearly shows that he did not intrust the accused with the bale of cotton, and, therefore, the allegation in the first count of the indictment, that the defendant was so intrusted, was not supported

by the proof. See, in this connection, *McCrary* v. *State,* 81 *Ga.* 334 (6 S. E. 588) ; *McNish* v. *State,* 88 *Ga.* 499 (14 S. E. 865) ; *Rucker* v. *State,* 95 *Ga.* 465 (20 S. E. 269) ; *White* v. *State,* 19 *Ga. App.* 230 (3) (91 S. E. 280). So far as this ruling is concerned, it is immaterial whether the first count of the indictment was drawn under section 192 or section 194 of the Penal Code of 1910. The defendant's conviction was unauthorized, and the refusal to grant him a new trial on the general grounds of his motion was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*