## 25956. MARTIN v. THE STATE.

DECIDED JANUARY 21, 1937.

*Hammond & Kennedy,* for plaintiff in error.

*George Hains, solicitor-general, E. J. Clower,* contra.

BROYLES, C. J. ■ In view of the entire charge of the court, the excerpt therefrom on the law of alibi was not error for any reason assigned.

■ The defendant was tried at the same time on two indictments, one charging assault with intent to rob by force and violence, the other charging assault with intent to murder. He was found guilty of both offenses. A ground of the motion for new trial, after setting out the evidence as to the force and violence employed in the robbery, makes the following contention: "The jury found the movant guilty of the charge of assault to rob by force and violence, and he was sentenced to serve three years in the penitentiary on said charge. The only force and violence shown in said robbery cause was the alleged shooting of the prosecutor, and this is the same shooting with which the movant was charged, indicted, tried, and convicted in the case at bar; and to permit a conviction of movant of the charge of assault with intent to murder to stand would be to permit double jeopardy and punishment for the same offense and transaction." Having agreed to be tried at the same time on both indictments, and not having interposed any demurrer or any plea in bar to either or both of the indictments, the defendant will not be heard, after his conviction on both indictments, to raise, in his motion for new trial, the question of double jeopardy. To raise that question, he should have refused his consent to be tried at the same time on both indictments; and if convicted on one indictment, then on the trial on the other indictment he could have pleaded his former conviction as a bar to the trial on the second indictment. However, we do not mean to intimate that such a plea should have been sustained.

■ While the evidence as to the defendant's alibi would have authorized his acquittal, that evidence was in direct conflict with the positive testimony of the prosecutor that the defendant was the actual perpetrator of the crime, and therefore was present at its commission. The jury evidently rejected the "alibi" evidence, and accepted the prosecutor's testimony as the truth of the matter. The verdict having been approved by the judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*