33833.   PINSON *v.* THE STATE.

DECIDED FEBRUARY 19, 1952.

342

*Charles Pittard, Marvin A. Allison, Quillian, Quillian &
Thomas,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

GARDNER, J. 1. There were five special grounds added to the motion for new trial by amendment. Four of these grounds deal with the proposition whether a new trial should be awarded because there was a material and fatal variance between the allegations in the indictment and the evidence, and the verdict was, therefore, unauthorized by the evidence and contrary to law, in that the indictment alleged that the tires were entrusted to the defendant for the purpose of being hauled by him in this freight truck of the common carrier, his employer, to a named consignee in Elberton, when the evidence shows that the tires were delivered to the defendant, as the driver of this truck, not to be hauled by the defendant to Elberton and not to be delivered to said named consignee by the defendant, but to be hauled by the defendant to Monroe—which was along the carrier's freight

route from Atlanta to Elberton—and there delivered to another driver of this freight carrier, and by this driver transported on to Elberton and to the named consignee. It appeared without dispute that the tires were placed in a truck which was to be driven by the defendant and which was driven by him to Monroe; that the tires were billed to be delivered by the carrier to a named consignee in Elberton, Georgia, and that the defendant drove this truck, not to Elberton but to Monroe, where he turned it over to another driver of the freight company, who drove the truck on to Elberton, to which place the tires were destined; and that the defendant then picked up another freight truck and drove it from Monroe to Atlanta, Georgia. This was the extent of the duties of the defendant as a truck driver for said freight carrier. There was no contention by the State that the defendant operated the freight truck from Atlanta to Elberton, Georgia, but only that the freight route of this carrier was from Atlanta to Elberton by way of Monroe, and that it required the services of two truck drivers to complete this run, operating in the manner above set forth. It is our opinion that there was no such material variance in the allegata and the probata here as to be fatal and render the verdict that the defendant was guilty of the larceny after trust with which he was charged, and of which he was convicted, without evidence to support it and contrary to law.

It is contended that the State failed to prove the case as laid in the indictment, and therefore that a new trial is demanded, because of this failure and the fact that the indictment laid a trust by the carrier to the defendant, its driver, to carry the tires in this truck to the consignee at Elberton, whereas the proof shows that, while the tires were entrusted by said carrier to the defendant to be carried by this truck to the consignee at Elberton, this truck was to be driven by the defendant only as far as Monroe, Georgia, from which the truck would be driven by another of the carrier's drivers and the freight therein transported from Monroe on to Elberton, Georgia; and that this constituted such a fatal variance between the allegations of the indictment and the proof as would be fatal. We do not think that the fact that the defendant was only to drive this truck to Monroe and did drive the same only to Monroe constitutes a fatal variance. The jury were authorized to find that the defendant, during the

time when these tires were entrusted to his care and while they were in this truck, took them from the truck and sold them. This constituted the offense, the conversion to his own use of the goods entrusted to his care to be delivered by the freight truck to the consignee at Elberton, Georgia. There is no such variance here as to render the verdict invalid.

There is nothing in such cases as *Carter* v. *State,* 53 *Ga.* 326; *McCrary* v. *State,* 81 *Ga.* 334 (6 S. E. 588); *McNish* v. *State,* 88 *Ga.* 499 (14 S. E. 865); *White* v. *State,* 19 *Ga. App.* 230 (91 S. E. 280); *Carty* v. *State,* 26 *Ga. App.* 249 (3) (106 S. E. 11); *Clack* v. *State,* 47 *Ga. App.* 323 (170 S. E. 398); *Crenshaw* v. *State,* 64 *Ga.* 449, and similar decisions, contrary to our holding in this case on the question of a variance. In *Crenshaw* v. *State,* supra, the defendant was charged with larceny after trust as to a blue hog with certain ear markings, and the proof disclosed that the larceny was of a hog with entirely different ear crops. There was a material variance—an entirely different hog from the one described in the indictment. Here there is no controversy as to the identity of the tires. They were entrusted by the common carrier to its truck to be delivered to Elberton. The defendant was the driver of the truck as far as Monroe. Between Atlanta and Monroe, the proof was to the effect, and the jury were authorized to find, that the defendant took these tires from the truck and sold them.

2. The court charged: "Now that part of it you will have for your consideration and the court instructs you that only the case of larceny after trust as set forth in the Code section which refers to the conversion to his own use is for your consideration. You are instructed that it is not necessary in order to convict for the State to show that a demand was made by the owner of the tires and a failure to pay for the same by the defendant." This instruction was not error because the indictment was not susceptible to any other construction than that it charged larceny after trust under the last clause of Code § 26-2806, under which section said indictment was drawn, and under the law the defendant could not have been legally convicted without a definite demand on him having been proved, that no announcement was made by the solicitor in open court that he did not rely solely upon any allegation of the indictment, and that there was no

345

evidence that after demand the defendant failed to pay the owner of the property alleged the full value thereof.

3. The evidence authorized the jury to find that the defendant took these four tires from the freight truck, of which he was the driver and in charge, along the freight route of the carrier from Atlanta, Georgia, to Monroe, Georgia, and then that the defendant and another sold the tires to Puckett and Parker, and that both of these transactions took place in Gwinnett County. The verdict of guilty was amply supported by the evidence.

4. It follows that, no error of law appearing and the evidence authorizing the verdict of guilty, the trial court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*