37906, 37907. DAVIS *v.* THE STATE.

Decided October 2, 1959.

*Rupert A. Brown,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.

Townsend, Judge. ■ The evidence in these cases, construed most favorably to support the verdicts, reveals that C. A. Duncan, a State Trooper and the prosecutor in these cases, observed the defendant driving his automobile in excess of a municipal

speed limit; that he followed the defendant in his automobile and the defendant increased his speed to 65 miles per hour; that the defendant drove the automobile into his garage and entered his house; that the trooper followed him into the house and told him he was under arrest; that the defendant was intoxicated; that he refused to accompany the prosecutor; that the officer's right arm had been broken and was in a cast, but he had a pistol in a holster on his left side; that the defendant grabbed the pistol, inflicting a laceration on the officer's side in so doing, and pointed it at him; that the trooper then backed out of the house with the defendant following him; that there were many people milling around and the officer crouched down and attempted to reach his car and the two-way radio installed in it in order to call for help and also asked one of the bystanders to get the sheriff; that his pistol had been loaded with six cartridges, but in the scuffle two of them fell out of the cylinder onto the ground, and that the defendant twice snapped the trigger of the pistol while it was pointed toward the trooper but it did not fire. The prosecutor reached the car safely, and the defendant threw the pistol away and fled through the rear of the house, but later surrendered to the sheriff. The defendant made a statement to the effect that he was afraid to surrender himself to the prosecutor because of a previous altercation with him, and there was testimony that he requested the sheriff be sent for so that he could surrender to him instead of to the prosecutor.

The felony indictment charges assault with intent to murder in that the accused did "point, aim at, and attempt to shoot and kill him the said C. F. Duncan, by pulling the trigger on said pistol." The misdemeanor indictment charges the defendant with pointing a pistol at the same person on the same date. These indictments might or might not refer to the same transaction; they do not establish this fact on their faces. From the testimony of the prosecutor, however, it becomes immediately obvious that the pointing of the pistol and the attempt to fire it were one and the same transaction and occurred between the time when the defendant wrested the weapon from the officer inside the house and the time when, having followed

him out to or near the police car, he turned and fled. The contention that the pointing of the pistol and the pulling of the trigger were two separate criminal transactions is without merit; at no time did the defendant relinquish the pistol and reacquire it, and all of the acts done by the defendant were done with the single purpose of preventing his arrest by the officer. Accordingly, there is no room for argument here but that, as to these two offenses, there was but one crime, and under the provisions of our Constitution, Art. I, Sec. I, Par. VIII (Code, Ann., § 2-108), the defendant can be punished but once for the offense. Had he not agreed to be tried simultaneously on both indictments, a verdict of guilty as to one would have constituted res judicata as to the second. One cannot assault another with intent to murder by means of snapping a pistol without first pointing that pistol in the direction of the victim. Nevertheless, this defendant was separately sentenced on each indictment, the sentences to be served consecutively.

Since the evidence demands the conclusion that the pointing of the pistol and snapping it at the prosecutor constitute a single transaction it is obvious that to try the defendant, convict him, and punish him as for two offenses is radically wrong. The only question presented to this court is whether or not that wrong under this record can be corrected. Courts ought not to permit themselves to become so enmeshed in the red tape of precedent that it is no longer possible for them to right a legal wrong, and this is true as to an offender who has violently transgressed the law as well as any other man, for the law can never become an instrument of vengeance only, no matter how rank the guilt of the offender. Orderly rules of procedure are essential to the administration of justice, and it must be recognized that at times they will not yield in a particular case so that a conclusion can be reached which is both lawful and just, since there are cases where the relaxation of the rule would work more general harm than the good resulting to the individual affected through the establishment of an improper precedent. It follows therefore that if the rules of procedure will permit, this particular wrong, the imposition of two separate consecutive sentences for a single offense, should and must be corrected.

Error is assigned in the motions for new trial on the court's refusal, after the evidence revealed that the pointing of the pistol and the assault with intent to murder were in fact one and the same criminal transaction, to compel the State to elect upon which of these indictments it intended to proceed. The motion was timely, for a motion to elect should be made, if the point cannot be taken advantage of by demurrer, at the time when the evidence reveals that the State cannot proceed simultaneously upon both. *Gilbert* v. *State*, 65 *Ga.* 449. The evidence revealed this fact at the conclusion of the prosecutor's testimony; the State contended that it was in fact dealing with two separate transactions, and the court thereafter in his charge to the jury adopted this theory of the case. What we say here, accordingly, has nothing to do with merger of offenses, since, as to the *same* offense, the State would not be compelled to elect, the crime of pointing the pistol being merged in the offense of shooting it at another. *Eberhart* v. *State*, 5 *Ga. App.* 174 (62 S. E. 730). Even if the defendant had been tried on both indictments under the State's theory that two separate offenses were committed, the error would have been harmless if the court in his charge to the jury had informed them that the lesser offense was merged in the greater, or even if the court, after the verdicts of guilty were returned, had by the sentence punished the defendant only for one offense.

In *Sutton* v. *State*, 124 *Ga.* 815, 816 (53 S. E. 381), Justice Lumpkin, quoting from early decisions and texts, said: "Compelling of an election pertains rather to judicial discretion than to absolute law. So that in most of our States the determination of the judge thereon will not ordinarily be revised by the higher tribunal. In some States it will—perhaps under special circumstances in all." In that case, where the defendant was indicted in four counts of adultery and fornication, it was held that it was not necessary for the court to have required the State to make an election, but the verdict would determine on which count the defendant was found guilty. The same would be true with this case if in the trial it had been recognized that the jury was in fact dealing with one, and not two, criminal transactions. This, therefore, is not a case where separate counts

of a single indictment attempt to cover different factual situations as the proof may develop. Nor does it fall in the category of *Webb* v. *State*, 68 *Ga. App.* 466 (23 S. E. 2d 578). There the complaint was that where the defendant was indicted in five counts for killing or injuring five different persons in an automobile collision the court should have charged the jury that the defendant could only be convicted once, whereas this court held that the indictment did in fact allege five separate and congruous offenses. Where an indictment in separate counts alleges separate offenses of such nature that they should not be joined in the same indictment, the motion to elect is good. *Gilbert* v. *State*, 65 *Ga.* 449, supra. That situation, also, does not apply in this case. In the only decision which we have discovered dealing, not with a multi-count indictment, but with separate indictments tried by agreement (*Martin* v. *State*, 55 *Ga. App.* 166, 189 S. E. 624) no motion to elect was made during or at the conclusion of the State's evidence. The defendant went to trial by agreement on two indictments charging him with assault with intent to rob by force and violence and assault with intent to murder. The only violence used in the robbery indictment was the alleged shooting of the prosecutor which was the foundation of the assault with intent to murder indictment. The court there held that the point should have been raised by a demurrer or plea in bar, and that, to raise the question of double jeopardy he should not have consented to be tried simultaneously upon both indictments but, on conviction on either one, used that conviction as the foundation of a plea of autrefois convict as to the other. These are indeed proper ways to raise the question, but where it does not appear on the face of the indictment that the offenses are the same a demurrer will not lie, and it appears from what has been said above in the cases relating to multi-count indictments that a motion to make the State elect on which charge it will proceed, where well founded, will serve the same purpose. The question should be raised as soon as it appears, either from the pleadings or evidence, that a state of facts exists which will afford a legal basis for requiring election (or severance, in the cases relating to severance) and such election must be

required before the defendant opens his case. *Webb* v. *State,* 47 *Ga. App.* 505 (170 S. E. 827). In the *Martin* case the defendant took his chances on an acquittal without raising the point until after verdict, at which time it came too late.

Where what appears to be two separate congruous offenses are charged in separate counts of an indictment, or where there are separate indictments of this character which by agreement are consolidated for trial, and the evidence thereafter discloses that there is in fact but one offense, the charge becomes duplicitous. It was held in *Thompson* v. *State,* 18 *Ga. App.* 488 (89 S. E. 607) that, as to a multi-count indictment, a motion to elect on the ground of duplicity was proper. The motion to elect in this case raised the question of duplicity in that it was predicated on the fact that both indictments referred to the same offense. It was accordingly a proper motion, and the failure to grant it has resulted in the defendant being under two sentences of punishment for the same offense. Accordingly, the special grounds of each of the motions for new trial raising this question were improperly overruled.

■ Error is assigned on the failure of the court in charging on the offense of assault with intent to murder to charge the applicable law relating to manslaughter. Since this defendant had committed the offense of speeding in the presence of the officer, the officer had a right to follow and arrest him without a warrant, and it was in the process of resisting this legal arrest that the transaction occurred. Had death ensued under these circumstances, the offense would be murder and not manslaughter. *McDuffie* v. *State,* 121 *Ga.* 580 (49 S. E. 708); *Johnson* v. *State,* 130 *Ga.* 27 (2) (60 S. E. 160); *Alexander* v. *State,* 160 *Ga.* 769 (5) (129 S. E. 102). This ground is without merit.

■ The remaining special grounds in case No. 37907 are not necessary to be decided. One deals with the theory that the offenses were in fact separate transactions. The other assigns error on the failure of the court to charge the jury that, if they found the defendant guilty of assault with intent to murder they should acquit him of the offense of pointing a pistol. Insofar as a verdict of guilty of assault with intent to murder includes the lesser offense in the same transaction, it is obvious

that under these circumstances the defendant would necessarily be guilty of the lesser offense as it was an element of the greater, and that a verdict finding him guilty of aggravated assault by means of snapping a pistol and innocent of pointing the same pistol would be so contradictory as to be void.

The trial court erred in denying the motions for new trial for the reasons set forth in the first division of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*