### 40427. GIBBS v. THE STATE.

Nichols, Presiding Judge. The defendant was indicted and convicted under an indictment charging him with bribery. The indictment read in part as follows: "Georgia, Mitchell County: The Grand Jurors, selected, chosen and sworn for

the County of Mitchell. . . . In the name and behalf of the citizens of Georgia, charge and accuse Raymond Gibbs with the offense of Bribery for that the said accused, in the County aforesaid, on the 18th day of February in the year of our Lord, Nineteen Hundred and Sixty-Three with force and arms, unlawfully, did then and there maliciously and directly offer to give money to Lofton Glover, an Agent of the Revenue Commissioner of Georgia, Alcohol and Tax Division, an officer and employee acting for and on behalf of the State of Georgia in an official function, to induce the said Glover to do and omit to do acts in violation of his lawful duty in that the said Raymond Gibbs did offer to pay one hundred dollars per week to the said Lofton Glover, if the said Lofton Glover would allow him, the said Raymond Gibbs to make and manufacture whiskey illegally and agree not to interfere and agree not to prosecute the said Gibbs for violating the law in reference to the making and handling of whiskey contrary to the laws of said State, the good order, peace and dignity thereof." The defendant filed several demurrers to such indictment which were overruled and after conviction a motion for new trial on the usual general grounds and several special grounds. The motion for new trial as amended was overruled and error is now assigned on the judgments adverse to the defendant on the demurrers and motion for new trial. *Held:*

1. The indictment in the language set forth above was not subject to the defendant's general or special demurrers.

2. The evidence adduced on the trial of the case authorized the verdict of guilty and the trial court did not err in overruling the general grounds of the motion for new trial or those special grounds which were a mere amplification of the usual general grounds.

3. The remaning special grounds of the amended motion for new trial have been carefully examined and show no reversible error.

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED JANUARY 27, 1964—

REHEARING DENIED FEBRUARY 11, 1964.

*Benjamin Zeesman,* for plaintiff in error.
*Maston O'Neal, Solicitor General,* contra.