43676. PERRY v. THE STATE.

DEEN, Judge. 1. It has uniformly been held in this State that in a multi-count indictment the fact that one or more of the

counts is bad against demurrer will not result in the sustaining of a general demurrer or motion to quash the whole indictment, but the defendant may be put on trial on the count or counts which are good. *Martin v. State*, 10 Ga. App. 795 (74 SE 304). Likewise, where a multi-count indictment is subject to demurrer because it joins offenses of a different nature or degree, the State may cure the defect by entering a nolle prosequi as to certain counts and this "leaves the prosecution just as though such counts had never been inserted in the indictment." *Carty v. State*, 26 Ga. App. 249 (1) (106 SE 11). Whether the count which is stricken was in itself good or bad (that is, whether it was objectionable because it failed to charge a crime, or because, with the remaining counts, it rendered the indictment as a whole duplicitous) is immaterial. In *Bennett v. Lowry*, 167 Ga. 347 (145 SE 505), a habeas corpus case, it was held that where two counts of a three-count indictment were good, a general demurrer to the indictment as a whole would not lie, and this without regard to whether the remaining count was itself subject to demurrer or not. Where there is a misjoinder in separate counts of an indictment, the remedy is a motion to elect, even though the question is raised by the evidence. *Thompson v. State*, 18 Ga. App. 488 (89 SE 607); *Davis v. State*, 100 Ga. App. 308 (111 SE2d 116). It follows that where the court with the consent of the State granted the defendant's motion to strike Count 4 of the indictment charging embezzlement, this did not mean that the court should also have stricken the remaining 3 counts charging bribery. The ruling was correct regardless of whether Count 4 did or did not charge a crime.

2. Bribery may consist in an offer to give money or to make any promise for the payment, delivery, or alienation of any money, to any officer of this State, in order to influence his behavior in any matter pending before him. The Department of Public Safety is a part of the executive branch of the State. *Code Ann.* § 92A-101. The Georgia State Patrol is a division of that department. *Code Ann.* § 92A-201. Their duties include patrolling highways, preventing, detecting and investigating criminal acts, arresting those charged with committing criminal offenses and safeguarding the lives and property of the public; thus, they are "officers of this State" within the meaning of *Code Ann.* § 26-4102. Cf. *Gibbs v. State*, 109 Ga. App. 102 (135 SE2d 595). Sheriffs authorized by a

judge having jurisdiction of the offense may receive cash bonds from persons arrested for traffic offenses. *Code Ann.* § 27-508. Thereafter, if the bonds are forfeited, the money is to be distributed as any other fine. *Code Ann.* § 27-511.

3. Applying the foregoing law to the facts of this case, where the indictment charged the defendant, a county sheriff, with offering various officers and troopers of the Georgia State Patrol one half of each cash bond posted with him by persons arrested by them where it was unlikely that the person posting the bond would appear in court when summoned, the arresting officer to destroy the record and summons relating to the case, this is an offer to give money to an officer of this State in order to influence his behavior in a matter pending or which shall pend before him. The fact that the money does not in fact belong to the sheriff but rather to the person arrested, and that it is being held by the sheriff by virtue of his office, does not make the counts subject to demurrer. The trial court did not err in overruling the general demurrers and motions to quash the indictment.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JUNE 5, 1968—DECIDED JUNE 14, 1968.

*Greer, Sartain & Carey, Jack M. Carey, Early C. Stark,* for appellant.

*G. Wesley Channell, Solicitor General,* for appellee.