21111.   HICKS v. THE STATE.

Submitted January 9, 1961—Decided February 9, 1961.

*W. B. Mitchell,* for plaintiff in error.

*Hugh Sosebee, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

HEAD, Presiding Justice. ■ Ground 1 of the amended motion for new trial states that a witness for the State was asked the question: "Do you know where Willie Floyd Hicks lived before he came to live with you?" To which the witness replied, "He got off the gang." Counsel for the defendant moved to rule the evidence out because it was immaterial, and moved for a mistrial; and the trial judge denied the motion. It is asserted in this ground that this evidence injected the character of the defendant in evidence without his having placed it in evidence.

The assertion that the defendant's character had not been placed in issue by him prior to this evidence is not supported by the record. The witness giving the testimony, Lizzie Lou McDowell, was examined by the defendant's attorney on cross-examination as to her knowledge of the defendant's reputation in the community, and she testified that she guessed it was good, and that she had never heard anything against him. The question eliciting the reply objected to was on redirect examination. No objection to this evidence was made on the ground that it was not the proper method to show the commission of a crime involving moral turpitude (to refute the evidence of good character.)

"All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted. A failure to make such objection will be treated as a waiver, and prevent the court, on a motion for a new trial, from inquiring as to the competency of the evidence." *Andrews v. State,* 118 Ga. 1 (43 S. E. 852) ; *Langston v. State,* 153 Ga. 127 (111 S. E. 561).

Where the only objection to evidence urged before the trial judge is that the evidence is "immaterial", this court will not reverse his judgment in overruling such objection. *Pippin v. State,* 205 Ga. 316 (6) (53 S. E. 2d 482) ; *Wilson v. State,* 212 Ga. 157 (4) (91 S. E. 2d 16).

■ It is contended in ground 2 that the trial judge erred in failing to charge the law of voluntary manslaughter. There was no evidence which would indicate that any phase of voluntary manslaughter was involved in the homicide, and the trial judge correctly omitted any charge on voluntary manslaughter.

■ Ground 3 assigns error on the failure of the trial judge to charge, without request, on involuntary manslaughter. It is asserted that the evidence required a charge on involuntary manslaughter for three reasons: (1) "because the evidence would authorize a conviction of involuntary manslaughter by the holding of a weapon likely to produce death in such a manner as not authorized by law"; (2) because the evidence did not show that the defendant had a license to carry a pistol; and (3) because the evidence did not show that the defendant did not have the weapon concealed.

We may quickly dispose of the two latter contentions. The evidence shows that the homicide occurred at the place where the defendant lived, and it was not unlawful for him to have possession of a pistol at such place without a license. *Code* § 26-5103. According to the testimony, the pistol was in the possession of the deceased until the time that the defendant asked him for it, and it was discharged immediately after the deceased handed it to the defendant, which negatives any concealment of the pistol by the defendant.

The only view of the evidence under which the defendant could

be guilty of involuntary manslaughter would be that he had no intention of discharging the pistol, but that the discharge was caused by the reckless manner in which it was handled by him. *Austin v. State,* 110 Ga. 748 (36 S. E. 52, 78 Am. St. Rep. 134). In *Walton v. State,* 190 Ga. 746 (10 S. E. 2d 755), in which the evidence bears a similarity to that in the present case, it was held that the homicide was either murder or accidental homicide, and the court having charged the principles of *Code* § 26-404, it was not error to omit to charge the law relating to involuntary manslaughter.

In the present case, the trial judge charged fully on the subject of death by accident or misfortune, and instructed the jury that, if they found that the shooting was due to an accident, or if they had a reasonable doubt that it was an accident, they should acquit the defendant. It was therefore not error to fail to charge on involuntary manslaughter. *Hill v. State,* 41 Ga. 484; *Johnson v. State,* 130 Ga. 27 (3) (60 S. E. 160) ; *Drane v. State,* 147 Ga. 212 (2) (93 S. E. 217) ; *Fair v. State,* 171 Ga. 112 (2) (155 S. E. 329).

*Judgment affirmed. All the Justices concur.*