59245. MOORE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for violations of the Georgia Controlled Substances Act. *Held:*

1. Defendant claims error because he was required to go to trial without the joining of the issue of guilty or not guilty being entered on the indictment. The indictment in the record clearly shows that defendant was aware of the indictment, waived formal arraignment, and pleaded not guilty. This meets the formal prerequisites to arraignment. *Key v. State,* 147 Ga. App. 800 (4) (250 SE2d 527); *Scudiere v. State,* 130 Ga. App. 477 (13) (203 SE2d

581). Even if defendant had not been properly arraigned, " '[t]he law of this State is well settled that a defendant may waive arraignment and plea by a failure to call the attention of the court to this defect at the proper time, and when it does not appear that he made any mention of the fact until after verdict he is conclusively presumed to have done so. [Cits.]' " *Davis v. State,* 135 Ga. App. 203, 206 (217 SE2d 343). The enumeration has no merit.

2. By failing to object or claim the right to examine every prospective juror before challenging any, defendant waived the right to do so. *Reid v. State,* 129 Ga. App. 657 (1) (200 SE2d 454). Therefore, the trial court did not err by requiring defendant to accept or excuse each juror questioned on voir dire before proceeding to the next juror.

3. When defense counsel was cross examining a witness concerning the condition of a state's exhibit, the trial judge interrupted questioning about whether the exhibit was then sealed by stating to defense counsel that it was obvious that it was not sealed. Defendant contends that this comment deprived the accused of a fair trial. "It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness." *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166). As it is clear the court was merely suggesting to counsel that he need not question concerning a matter obvious to all, there was no abuse of discretion.

4. When a prosecution witness began to relate what the defendant had told him about drug transactions not charged, the defense objected on grounds of irrelevancy. After hearing argument from the prosecutor, the trial court asked the prosecutor whether he was putting defendant's character in issue. The prosecution responded with further argument and the testimony was then ruled out as improper. Defendant made no request for curative instructions. He now contends the judge's question to the

prosecutor improperly put defendant's character in issue. Since his objection was sustained and no further curative action requested, defendant cannot now claim error. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Johnson v. State,* 226 Ga. 511, 514 (175 SE2d 840).

5. The foregoing divisions dispose of the specific grounds of the defendant's motion for new trial. On the general grounds, our examination of the record reveals ample evidence to authorize a rational jury to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED JANUARY 24, 1980 — REHEARING DENIED FEBRUARY 18, 1980.

*G. Hughel Harrison,* for appellant.
*Richard E. Allen, District Attorney, Steven L. Beard, Assistant District Attorney,* for appellee.

