## 61020. JEFFERSON v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of selling marijuana in violation of the Georgia Controlled Substances Act.

1. Appellant asserts as error the denial of his motion for new trial based upon newly discovered evidence. The evidence adduced at trial showed that an undercover GBI agent purchased marijuana from the appellant on January 4, 1980. The entire transaction was witnessed by another undercover GBI agent. Both officers positively identified appellant as the person who sold them the marijuana on January 4, 1980, and the officer who witnessed the sale testified he had seen appellant numerous times prior to the sale. On cross examination, both officers were asked whether or not appellant had a beard at the time of the sale. The officer witnessing the sale testified that he could not recall. The officer who actually made the purchase testified that appellant had a moustache and possibly some facial hair, but that he did not have a beard. The appellant testified that he had continuously worn a full beard for approximately ten to eleven years. The alleged newly discovered evidence is a photograph of the appellant with a full beard. Appellant urges that this photograph "would tend to refute the identification characteristics suggested by the State's only two witnesses."

" '(I)t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cit.]" *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971). Furthermore, motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268) (1972); *Long v. State,* 237 Ga. 110, 111 (227 SE2d 22) (1976).

We find no abuse of discretion in this case. There is no showing in the record that this photograph could not have been discovered prior to trial. "The mere allegation that the evidence could not have been discovered by ordinary diligence is insufficient. [Cit.]" *Downs v. State,* 141 Ga. App. 173, 174 (233 SE2d 32) (1977). Moreover, in view of the evidence adduced at trial concerning whether or not appellant had a full beard on the date of the alleged sale of marijuana, the allegedly newly discovered evidence would be merely cumulative in that it goes to the issue of mistaken identity and would serve only to impeach the state's witnesses. Compare *Bell v. State,* supra. This evidence is entirely insufficient to show any probability of a different result at a new trial. See *Montgomery v. State,* 140 Ga. App. 286 (2) (231 SE2d 108) (1976). Compare *Banks v. State,* 246 Ga. 1 (268 SE2d 630) (1980). Since the evidence did not rise to the level required by the test stated in *Bell,* the trial court did not abuse its discretion in denying appellant's motion for new trial. Thus, this enumeration is without merit.

2. Appellant also asserts that the trial court erroneously permitted the state to question appellant as to his personal knowledge of past drug sales at Cuffy's, an establishment at which appellant had previously been employed and the location of the alleged marijuana sale in the instant case. At the time of this question appellant objected on the sole basis that it was "irrelevant." On appeal, appellant argues that the question was prejudicial because the testimony tended to show that Cuffy's was some kind of "drug haven" and, thus, tended to import the guilt of appellant by reason of past association with the establishment.

Our appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is

"irrelevant" is insufficient to show error requiring reversal. *Brown v. State,* 122 Ga. App. 59 (176 SE2d 240) (1970); *Hicks v. State,* 216 Ga. 574 (1) (118 SE2d 364) (1961). Furthermore, it is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. *Sanders v. State,* 134 Ga. App. 825 (1) (216 SE2d 371) (1975); *Abrams v. State,* 223 Ga. 216, 225 (9) (154 SE2d 443) (1967). For the foregoing reasons, this enumeration of error is without merit.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 3, 1981.

*Donald E. Strickland,* for appellant.
*William S. Lee, District Attorney, William R. Wilburn, Assistant District Attorney,* for appellee.