## 66839. REEVES v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of driving without headlights, driving with no insurance on his automobile, and possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. He appeals (1) on the general grounds. He also contends the trial court erred (2) by denying his motion to suppress evidence relating to a consent to search, or in the alternative a motion in limine relating to the consent, and (3) by denying his motion to suppress evidence seized in a search of his house.

Appellant's home was under surveillance and around 5:00 p.m., December 4, 1981 he was observed leaving his house and getting into his car carrying a set of scales. The investigators observing appellant alerted the sheriff to be on the lookout for appellant's car. About 5:50 p.m. the sheriff observed appellant driving toward his home and followed him. After a short distance appellant was stopped and arrested for driving without headlights, making a turn without signalling, and failure to have insurance coverage on the car. A set of scales and a box of baggies on the front seat of the car were confiscated. Appellant was informed by the sheriff and other investigators who were present that they wanted to search his house. Appellant signed a consent to search form and he and the law enforcement officers proceeded to appellant's home. A search was conducted and a plastic bag containing marijuana was found under a

mattress in a bedroom. A sack of marijuana was found in a warming oven on a barbecue grill on the front porch; some syringes were found in the house; and a notebook in appellant's handwriting containing references to "pot" and "crank" (slang for marijuana and amphetamines) was found in the house, which was owned by appellant.

Appellant denied that the marijuana belonged to him and presented evidence that the bedroom where the marijuana was found was occupied by Larry Harkins, who lived at the house with appellant.

1. We find the evidence sufficient to support the verdict. Appellant was convicted in a non-jury trial, and the weight of the evidence and the credibility of witnesses are questions for the trier of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by denying his motion to suppress the consent to search form he signed, or in the alternative his motion in limine relating to his consent to search. Prior to trial appellant timely submitted a written request pursuant to the provisions of OCGA § 17-7-210 (formerly Code Ann. § 27-1302) for all statements given by him while in custody. Appellant argues that his signature on the consent to search form was a "statement," and since a copy of the statement was not given to him as required, evidence relating to the statement should have been suppressed. We do not agree.

OCGA § 17-7-210 (Code Ann. § 27-1302) protects an accused from introduction at trial of *incriminating or inculpatory* statements made by him while in police custody unless he has been furnished copies of such statements at least 10 days prior to trial. *Wallin v. State,* 248 Ga. 29, 32 (5) (279 SE2d 687) (1981). Neither defendant's signature nor the consent to search form, standing alone, is incriminating or inculpatory. A consent to search form is merely some evidence, to be considered with other evidence, as to whether a defendant did or did not consent voluntarily to a search. Accordingly, this enumeration of error is without merit.

3. Lastly, appellant contends it was error to deny his motion to suppress evidence obtained as a result of an illegal search of his home, since the search was made without a warrant. He argues that he did not voluntarily consent to the search of his home, but only signed the consent form after being told that if he did not consent to the search his car would be impounded; he would be jailed; a search warrant would be obtained; and his house would be torn apart in the search.

Four members of the sheriff's department testified that no

mention was made of jail, and he was not told that his house would be torn apart if he did not consent to the search. Appellant was advised at least three times that he did not have to consent to the search. Thus, there was ample evidence authorizing the trial judge to find that appellant freely and voluntarily consented to the search. This alone authorized overruling the motion to suppress. *Guest v. State,* 230 Ga. 569, 571 (1a) (198 SE2d 158) (1973). In view of the evidence of a valid consent to search a warrant was not required, as probable cause and a warrant are not required for a search and seizure conducted pursuant to consent. *State v. Rivers,* 142 Ga. App. 96, 97 (235 SE2d 393) (1977).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Kit Barron Bradshaw,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.