## 66902. CREWS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. On appeal he contends the trial court erred (1) by admitting evidence obtained as a result of an illegal search and seizure and further, that a proper chain of custody was not shown. He also contends (2) there is an incomplete record of trial, thereby denying him of his right to appeal; (3) that he was denied effective assistance of counsel; (4) that his character was improperly placed in issue by the prosecutor; and (5) that he should be released from prison because he was subjected to double jeopardy by being sentenced twice for the same offense.

1. Appellant contends it was error to admit evidence obtained as a result of an illegal seizure and an illegal arrest. He also contends that a proper chain of custody was not established prior to admission of the evidence.

In this regard the evidence disclosed that a police officer in Carrollton, Georgia, received a tip from a reliable informant that he had seen a large amount of marijuana in the trunk of appellant's car within the preceding 35 to 40 minutes, and that appellant would be driving out of town on Lovvorn Road. Appellant was stopped a short time later on that road and advised that he was suspected of violating the Georgia Controlled Substances Act. He was also advised of his rights regarding a consent to search his car, and his right to refuse to consent to a search of his car without a warrant. Appellant then signed a written consent to search; the car trunk was opened and approximately 36 pounds of marijuana were found therein. As appellant freely and voluntarily consented to a search of his vehicle, this alone would authorize denial of a motion to suppress evidence. *Guest v. State*, 230 Ga. 569, 571 (1a) (198 SE2d 158) (1973). Probable cause and a warrant are not required for a search and seizure conducted pursuant to consent. *State v. Rivers*, 142 Ga. App. 96, 97 (235 SE2d 393) (1977); *Reeves v. State*, 169 Ga. App. 665 (314 SE2d 682) (1984). Once contraband was found in appellant's car, the police were authorized to arrest appellant, as an offense was being committed in their presence. OCGA § 17-4-20 (a); *Lentile v. State*, 136 Ga. App. 611, 612 (1) (222 SE2d 86) (1975).

As to the chain of custody, the officer seizing the marijuana took it personally to the crime lab, delivered it to the forensic chemist, and the officer personally returned the marijuana and kept it in his possession until trial. The forensic chemist testified that the marijuana in evidence was the marijuana he had examined. Thus, no valid issue arose as to the chain of custody of the marijuana seized from appellant's car. See *Johnson v. State*, 143 Ga. App. 169, 170 (1) (237 SE2d

681) (1977).

Considering all evidence relating to the search and seizure of the marijuana, it was not error to deny a motion to suppress the evidence and admit such evidence.

2. Appellant's contention that the record is not complete is not supported by the transcript, which contains a certificate from the court reporter that the transcript is a true, accurate and *complete* record of the proceedings in appellant's case.

3. Appellant contends he was denied effective assistance of counsel because his trial counsel failed to object to the admission of evidence, elicited testimony harmful to appellant, failed to challenge the "unreliability" of evidence after its admission, and failed to request a charge regarding such evidence. Our examination of the transcript discloses that there were no valid objections to the admissibility of any evidence. Appellant consented to the search, and so testified; he made a voluntary confession to possession of the marijuana, after being advised of his rights, and so testified at trial. Appellant's trial counsel conducted thorough, relevant cross-examination of witnesses and attempted to discredit appellant's confession by showing that it was made only so two young girls with appellant would be released. In the face of the overwhelming admissible evidence against appellant, his trial counsel provided adequate, effective assistance to appellant. Although another lawyer may have conducted appellant's defense in a different way, asked different questions, made more objections, etc., the fact that trial counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. *Harrell v. State*, 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976); *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980). Accordingly, this enumeration of error is without merit.

4. Appellant contends the state improperly placed appellant's character in evidence by responding to the court's question as to whether appellant was in the courtroom by stating: "They are in the process of bringing him in, Your Honor." The transcript shows that this comment was made before appellant's case was called for trial, before his plea was entered, and before a jury was selected and sworn. It is obvious from the transcript that appellant's character was not placed in evidence, and the enumeration of error is without merit.

5. Appellant contends he was placed in double jeopardy when an improper sentence was voided and a proper sentence of identical punishment was imposed. The record shows that one judge disqualified himself as the judge in this case, and another judge presided at trial. Thereafter, the first judge who had disqualified himself inadvertently signed appellant's sentence, but subsequently voided the sentence.

The trial judge then signed appellant's sentence providing for identical punishment.

"Where the original sentence is invalid, vacation of that sentence and imposition of another sentence, even though more severe, does not constitute double jeopardy." United States v. Richardson, 498 F2d 9, 10 (8th Cir. 1974), cert. denied, 419 U. S. 1020 (95 SC 494, 42 LE2d 294). The Supreme Court of the United States has rejected the doctrine that a prisoner, whose guilt has been established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. Bozza v. United States, 330 U. S. 160, 167 (67 SC 645, 91 LE 818). The court went on to state: "In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' [Cit.] It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." Id., at 167. Hence, appellant's contention that he was twice put in jeopardy for the same offense is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 5, 1984.

*C. Theodore Lee*, for appellant.
*Arthur E. Mallory III, District Attorney*, for appellee.