## 68873. WILLIAMS v. THE STATE.

(322 SE2d 98)

BANKE, Presiding Judge.

The defendant was convicted of two counts of rape involving two different victims on two different dates. In each case, the victim identified the defendant as her attacker, both at trial and at a pre-trial lineup; and in each case, medical testimony was presented concerning the nature of the attacks. On appeal, the defendant contends that the evidence in each case was insufficient and that he was denied the right to cross-examine one of the victims concerning certain felony charges against her. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant had carnal knowledge of both victims forcibly and without their consent. See generally *Simmons v. State*, 249 Ga. 860 (1) (295 SE2d 84) (1982).

2. Defense counsel was denied the opportunity to cross-examine one of the victims with regard to charges of aggravated assault, terroristic threats, and profane and abusive language which had been brought against her about six weeks prior to the alleged rape. Interpreting Davis v. Alaska, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974), and the authorities relied upon therein, the Georgia Supreme Court has held that "the Confrontation Clause of the Sixth Amend-

ment, as applicable to the states through the Due Process Clause of the Fourteenth Amendment . . . [guarantees] the defendant in a criminal trial both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key state's witness concerning pending criminal charges against the witness." *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). See also *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983). However, we find no impermissible restriction of these rights under the circumstances of this case. The State established without contradiction that, as of the time of trial, the charges in question had been withdrawn by the person who had brought them and were no longer pending. Moreover, the victim testified that she had not been offered "any deals" in exchange for her testimony, and there was no evidence to indicate otherwise.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 12, 1984.

*William M. Moran*, for appellant.
*Lewis R. Slaton, District Attorney, Thomas W. Hayes, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys*, for appellee.