69159. PHILLIPS v. THE STATE.
(324 SE2d 807)

McMURRAY, Chief Judge.

The defendant appeals his conviction of the offense of rape.

*Held*:

1. Defendant's first enumeration of error questions the sufficiency of the evidence. The victim (defendant's step-daughter who was 14-years-old at the time of the incident, 15 at the time of trial) testified that: She lived with her mother, step-father (the defendant) and siblings. Her mother had already gone to work and her brothers and sister to school when defendant prevented her from leaving for school. Somewhat later she again attempted to leave but defendant did not allow her to leave. Defendant then approached her, pulled down her jeans and underwear, forced her to the floor, held her down, and "[he] got on top of me and started moving up and down." There was further testimony by the victim clearly establishing penetration.

Although a medical examination of the victim provided no clear corroboration of the victim's testimony, such was not necessary. The victim's testimony was legally adequate to sustain a conviction. See *Perry v. State*, 154 Ga. App. 385 (268 SE2d 747); *Neal v. State*, 152 Ga. App. 395, 397 (1) (263 SE2d 185).

After reviewing the evidence, we find a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of rape. See *Burrell v. State*, 171 Ga. App. 648, 650 (6) (320 SE2d 810); *Prescott v. State*, 164 Ga. App. 671, 672-673 (1) (297 SE2d 362).

2. During the direct examination of a physician, who had examined the victim following the incident in question, defense counsel requested an opportunity to inspect the document from which the witness was refreshing her memory. The State replied that it had no objection to such an inspection, but the trial court refused to permit defense counsel to examine the document.

The trial court has a wide discretion in directing the course and procedure used at trial. *Moore v. State*, 153 Ga. App. 511, 512 (3) (265 SE2d 821); *Smith v. State*, 150 Ga. App. 498, 499 (258 SE2d 167); *State v. Colquitt*, 147 Ga. App. 627, 628 (249 SE2d 680). We find no abuse of discretion as the trial court has not taken away any right the defendant had under the law. *State v. Colquitt*, 147 Ga. App. 627, 628, supra; *Estep v. State*, 129 Ga. App. 909, 913 (3) (201 SE2d 809); *Farley v. State*, 145 Ga. App. 98, 104 (7) (243 SE2d 322). "The defendant had no right to examine the witness' report which was used to refresh his memory and which was not in evidence. [Cits.]" *Williams v. State*, 250 Ga. 664, 665 (1) (300 SE2d 685).

3. Defendant's final enumeration of error deals with the admission of evidence to which defendant objected at trial. However, the only grounds of objection stated by defendant at trial was that the evidence in question was "irrelevant." Defendant's objection is insufficient to show error requiring reversal. *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317); *Hicks v. State*, 216 Ga. 574 (1) (118

SE2d 364).

*Judgment affirmed. Deen, P. J., concurs. Sognier, J., concurs in the judgment only.*

Decided December 4, 1984.

*Philip C. Smith*, for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.