## 71750. EVANS v. THE STATE.
(348 SE2d 561)

McMurray, Presiding Judge.

Defendant appeals his conviction on two counts of incest. *Held*:

1. Defendant enumerates as error the grant of the State's first motion in limine predicated upon the rape shield statute. See OCGA § 24-2-3. The rape shield statute has been held applicable to incest cases. See *Estes v. State*, 165 Ga. App. 453 (301 SE2d 504). The trial court directed that defendant refrain from making reference to any sexual activities of the victims (two of defendant's daughters) not involving defendant or to an abortion the older daughter had, terminating a pregnancy by a person other than defendant.

Defendant contends that the trial court's consideration of the State's first motion in limine was handled in a manner inconsistent with the procedures mandated by the rape shield statute, particularly OCGA § 24-2-3 (c), in that the trial court failed to conduct an in-camera hearing and examine the defendant's offer of proof. "Before a trial court can be faulted for refusing an in-camera hearing required by the Code, the court must be placed on notice as to the intent of the defense to seek to introduce such evidence, and the defense must specifically notify the court of the need for an in-camera hearing for its offer of proof." *Tucker v. State*, 173 Ga. App. 742, 744 (3) (327 SE2d 852). In the case sub judice, while defendant argued in opposition to the State's motion at no time did he specifically notify the trial court of the need for an in-camera hearing for his offer of proof. Consequently, the record fails to show any prejudice to defendant

from the grant of the State's first motion in limine. This enumeration of error is without merit. *Tucker v. State*, 173 Ga. App. 742, 744 (3), supra.

2. Defendant's second enumeration complains of the trial court's grant of a second motion in limine by the State. This second motion in limine required that, upon defense counsel's examination of defendant's wife, any inquiry into the character of the victim be based on general reputation in the community and not on direct knowledge. This was in compliance with the general rule and we find no error. See OCGA § 24-9-84.

3. Defendant contends that the State was erroneously permitted to inject his character into issue by the admission of the testimony of defendant's niece as to an incident during which defendant, while in the water at the beach and attempting to teach the witness how to float on her stomach, touched the witness in the area of her vagina. "However, in sexually oriented offenses, evidence of prior acts is admissible to show lustful disposition and to corroborate the testimony of the victim as to the acts charged." *Jones v. State*, 172 Ga. App. 347, 348 (1) (323 SE2d 174). See also *LaPalme v. State*, 169 Ga. App. 540 (2) (313 SE2d 729).

4. Defendant contends that he was denied effective assistance of counsel at trial. This contention is predicated in part upon trial counsel's lack of success in opposing the State's motion in limine and in part upon the absence of objections to certain evidentiary matters. In the first instance defendant would judge trial counsel ineffective by hindsight.

We believe that defendant's trial counsel rendered reasonably effective assistance in arguing against the grant of those motions. In this regard we note that no error appears in the grant of the State's motions in limine. See generally *Japhet v. State*, 176 Ga. App. 189, 190 (2) (335 SE2d 425). As to the evidentiary matters we note that most of the State's evidence which defendant complains his trial counsel should have objected to was properly admissible. Although the State presented evidence to which a valid objection may have been made that evidence involved matters highly unlikely to have affected the jury's verdict. "Although another lawyer may have conducted appellant's defense in a different way, asked different questions, made more objections, etc. the fact that trial counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. *Harrell v. State*, 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976); *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980)." *Crews v. State*, 170 Ga. App. 104, 105 (3) (316 SE2d 549). This enumeration is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 29, 1986

*George M. Rountree*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Robert L. Crowe, Jerrell Ramsey*, Assistant District Attorneys, for appellee.