### 74757. HAMILTON v. THE STATE.
(365 SE2d 120)

BEASLEY, Judge.

Defendant was indicted for the offenses of aggravated assault, rape and kidnapping with bodily injury, to wit: rape. The jury returned guilty verdicts for the offenses of kidnapping and aggravated assault. The trial court declared a mistrial as to the offense of rape. Defendant's motion for directed verdict of acquittal was partially granted as to the offense of kidnapping with bodily injury reducing that offense to simple kidnapping. Thus, on the kidnapping offense defendant was sentenced under the general provisions of OCGA § 16-5-40 (b) and did not receive the sentence of life imprisonment mandated for the offense of kidnapping with bodily injury. Defendant appeals from the two convictions.

1. Defendant contends the trial court erred in refusing to allow him to cross-examine the prosecuting witness with regard to her juvenile record. The trial court ruled on the State's motion in limine that such testimony would not be allowed. Defendant argues that the cross-examination of this witness as to her juvenile record was necessary to establish her motive, interest and bias to testify favorably for

the State, in that such testimony also exonerated her from any wrongful conduct.

The incident at issue occurred in April 1986 when the alleged victim was 14 years old. Just a year earlier, when she was 13, she had been "found to be unruly in that she engages in behavior detrimental to her health, morals, and future welfare." She was placed on probation in her parents' home for two years subject to a number of conditions, including that she not associate with Scotty Guffey without one of her parent's consent, not drink (there was evidence at trial that she drank on the night in question), obey the laws, and be of general good behavior. Several months later she was found guilty of shoplifting and again two years' probation was ordered, with generally the same conditions except that the association with Guffey was not mentioned.

When her father and Scotty Guffey found her at defendant's house the morning after she had gone there, she ran downstairs from defendant's bedroom and out the door which had been answered by defendant's mother, who had been home from work for a number of hours. After talking to her sister, she declared that the alleged crimes had occurred. She called her probation officer and asked for what amounted to protective custody because she said she was afraid of defendant and also did not want to be around her parents or people who knew her.

The defense was that the girl had consented to the encounter and willingly stayed overnight and participated, at least to the extent that defendant was not guilty of any of the crimes charged. The theory was that she had fabricated her side of the story and that her real motivation was in avoiding revocation of her probation for violation of conditions, as well, perhaps, in precluding further delinquency adjudications. She testified, as a matter of fact, that she begged her probation officer to "send her off" to the Youth Development Center but knew she was not going to "*get* sent off" because according to her version of the encounter, she did not violate her probation since she could not stop the acts which constituted the crimes.

Defendant was prevented from cross-examining the girl about the two juvenile adjudications and dispositions and warnings that probation would be revoked. The only evidence permitted on this score, through the girl and her probation officer, was the fact that she was on probation at the time of the incident. This fit in with her version.

The subtleties of motivation for what people do and say are at best difficult to unearth and decipher. The tool of a thorough and sifting cross-examination is thus provided to produce knowledge which will more fully equip the factfinder to ascertain this fact. Defendant relies primarily on the right of confrontation of witnesses under the Sixth and Fourteenth Amendments to the federal constitution. Thus we assume for the purpose of this case that the Georgia

statute, OCGA § 24-9-64, and the state constitution, Ga. Const. 1983, Art. I, Sec. I, Par. XIV, were not violated.

Applying the construction accorded to that federal right by *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974), defendant's right was violated. It makes no difference that these were juvenile adjudications, for as said in *Davis*, supra at 319, in these circumstances where they would be evidence of the bias of self-interest or self-preservation, "the right of confrontation is paramount to the State's policy of protecting a juvenile offender." Nor is the answer that it is harmless error, for as repeated in *Davis*, supra at 318, denial of the right of effective cross-examination " ' "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." ' " *Brookhart v. Janis*, 384 U. S. 1, 3 (86 SC 1245, 16 LE2d 314) (1966).

The extent of cross-examination is constitutionally protected, so that a court abuses its discretion if it restricts it too narrowly. *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). "[E]xposing the motives of a state's witness for testifying is always relevant in attacking the credibility of the witness." *Owens v. State*, 251 Ga. 313, 316 (1) (305 SE2d 102) (1983).

2. As contended by appellant, the court also erred in foreclosing any hearing on the defendant's offer of proof relating to the complaining witness' past sexual behavior, as provided for in OCGA § 24-2-3 (c), by granting the state's motion in limine at the beginning of the trial. Defendant offered to prove that the girl had prior sexual encounters with defendant and others and that defendant knew about the others and of her reputation at the time of the incident on trial. He explained that since consent was the issue of focus in the case, defendant's knowledge would affect his belief as to the girl's attitude on this occasion, and thus the evidence was crucial.

The trial court summarily ruled that only prior sexual conduct with defendant would be admissible. If defendant's proffer had been borne out, the evidence would have been admissible under OCGA § 24-2-3 (b). Cf. *Lamar v. State*, 243 Ga. 401, 402 (2) (254 SE2d 353) (1979). See *Hardy v. State*, 159 Ga. App. 854, 857-858 (285 SE2d 547) (1981); *In the Interest of J. F. F.*, 177 Ga. App. 816, 817 (1) (341 SE2d 465) (1986).

The procedural circumstances here differ from those in *Tucker v. State*, 173 Ga. App. 742, 744 (3) (327 SE2d 852) (1985) and *Evans v. State*, 180 Ga. App. 1 (1) (348 SE2d 561) (1986). At the time specified by OCGA § 24-2-3 (c) (1), the court had already ruled that the evidence sought to be introduced was inadmissible. This mooted the requirement of a request for an in camera hearing at that stage; the earlier disposition of the ultimate question made a request redundant.

When the State made a motion in limine at the commencement

of trial, the court initially ruled without hearing from defendant, whereupon defendant asked to make an offer of proof "so the Court could make a finding whether it is admissible under the statute." Although the court allowed defendant to state the gist of what the proof would be, the court affirmed its original ruling with a modification, without hearing the evidence.

Defendant clearly "notified the court of [his] intent" to "introduce evidence of the complainant's past sexual behavior." OCGA § 24-2-3 (c) (1) and (b). Although defendant did not in specific words request an in camera evidentiary hearing, it was short-circuited by the court's ruling based simply on what defendant said the evidence would show. By seeking to at least state, and then stating, what the evidence would show, he was in effect invoking the examination called for by OCGA § 24-2-3 (c). The court was sufficiently placed on notice of a need for a statutory hearing.

3. Next is the contention that the trial court erred in refusing to merge the offenses of kidnapping and aggravated assault and in sentencing defendant for both offenses. Defendant's argument rests on decisions in cases involving the offense of kidnapping with bodily injury. Although defendant was indicted for that offense, he was convicted of simple kidnapping. Simple kidnapping and aggravated assault are not included in one another as a matter of law. See *Jarrell v. State*, 234 Ga. 410, 412 (1) (216 SE2d 258) (1975). See also *Strozier v. State*, 171 Ga. App. 703, 705 (4) (320 SE2d 764) (1984).

4. It is urged that the court erred in overruling the challenge to the array of the Walker County Grand Jury for the November Term, 1986. The argument is that the array was not properly screened on the basis of intelligence and upright character. However, as appellant concedes, the array was chosen from a list of individuals registered to vote in the county. Thus, in the absence of any showing to the contrary, we presume that the other qualifications of grand jurors as provided by statute (OCGA § 15-12-60) were met. *Dawson v. State*, 166 Ga. App. 515, 517 (2) (304 SE2d 570) (1983).

5. Defendant enumerates as error the trial court's overruling of his challenge to the Walker County Grand Jury on the basis of grand jury foreperson discrimination, in that only Caucasian males have been elected to that post for a number of years. The issue has been decided adversely to him. See *Spivey v. State*, 253 Ga. 187, 199 (7) (b) (319 SE2d 420) (1984).

6. "Defendant's final enumeration of error deals with the admission of evidence to which defendant objected at trial. However, the only ground of objection stated by defendant at trial was that the evidence in question was 'irrelevant.' Defendant's objection is insufficient to show error requiring reversal. *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317); *Hicks v. State*, 216 Ga. 574 (1) (118

SE2d 364)." *Phillips v. State*, 172 Ga. App. 864, 865 (3) (324 SE2d 807).

*Judgment reversed. Birdsong, C. J., Deen, P. J., Carley, Pope, and Benham, JJ., concur. McMurray, P. J., Banke, P. J., and Sognier, J., concur in part and dissent in part.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

I concur fully in Divisions 3, 4, 5 and 6 of the majority opinion and all that is said therein. However, I must respectfully dissent as to Divisions 1 and 2 of the majority opinion as in my view the case sub judice should be affirmed in its entirety.

Defendant argues that the cross-examination of the victim as to her juvenile record was necessary to establish a motive, interest and bias of the victim to testify favorably for the State, in that such testimony also exonerated the victim from any wrongful conduct. According to defendant the victim fabricated her testimony due to concern that she would be "locked up" by the juvenile court.

The defendant may have been entitled to a reasonable cross-examination of the victim on this topic so that the trial court's decision to cut off in limine all inquiry on the subject was error. See *Hines v. State*, 249 Ga. 257, 260 (290 SE2d 911). However, under the facts and circumstances of the case sub judice any such error by the trial court was harmless since during trial defendant was allowed to elicit cross-examination testimony from the victim which disclosed that she was on probation and refuted defendant's hypothesis as to her motives. Contrary to defendant's hypothesis (that the victim was motivated by a desire to avoid being "locked up" by the juvenile court), the victim testified on cross-examination that she had called her probation officer, after the events which gave rise to the charges against defendant, and requested that she be "locked up" to get her away from defendant. The victim's testimony in this regard was corroborated by her probation officer. Thus, there was no impermissible restriction of defendant's cross-examination and confrontation rights under the circumstances of the case sub judice. *Williams v. State*, 172 Ga. App. 87 (2) (322 SE2d 98).

Next, defendant contends that the trial court's consideration of the State's motion in limine predicated upon the rape shield statute was improperly handled in that the trial court failed to conduct an in camera hearing. See OCGA § 24-2-3 (c). " 'Before a trial court can be faulted for refusing an in-camera hearing required by the Code, the court must be placed on notice as to the intent of the defense to seek to introduce such evidence, and the defense must specifically notify the court of the need for an in-camera hearing for its offer of proof.' *Tucker v. State*, 173 Ga. App. 742, 744 (3) (327 SE2d 852). In the case

sub judice, while defendant argued in opposition to the State's motion at no time did he specifically notify the trial court of the need for an in-camera hearing for his offer of proof. Consequently, the record fails to show any prejudice to defendant from the grant of the State's first motion in limine." *Evans v. State*, 180 Ga. App. 1 (1) (348 SE2d 561). See also *Tucker v. State*, 173 Ga. App. 742, 744 (3) (327 SE2d 852).

I am authorized to state that Presiding Judge Banke and Judge Sognier join in this dissent.

DECIDED DECEMBER 18, 1987 —
REHEARING DISMISSED JANUARY 14, 1988 — 

*William David Hentz, William R. Hill, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney*, for appellee.