## 77809. FORD v. THE STATE.
(376 SE2d 418)

McMurray, Presiding Judge.

Defendant was convicted of the offense of rape and now appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court misapplied the rape shield statute (OCGA § 24-2-3) by failing to conduct an in camera hearing with regard to defendant's offer of proof. This enumeration is without merit. A review of the transcript plainly shows that defendant requested an in camera hearing pursuant to OCGA § 24-2-3; that the jury thereupon left the courtroom; that defendant made an offer of proof with regard to the evidence he sought to introduce; and that the trial court made a ruling as to each piece of evidence put forth by defendant. If defendant desired a more formal hearing and an opportunity to present witnesses (instead of stating in his place what the evidence would show) he should have insisted upon doing so. Instead, defendant went along with the trial court's in camera format without objection. At any rate, we cannot see how defendant was prejudiced by the in camera hearing which the trial court afforded him. See generally *Evans v. State*, 180 Ga. App. 1 (348 SE2d 561). Compare *Hamilton v. State*, 185 Ga. App. 536, 538 (2) (365 SE2d 120).

2. In his second enumeration of error, defendant contends the trial court erred in ruling the proffered in camera evidence inadmissible. In this regard, he asserts the rape shield law did not prohibit the introduction of evidence that (1) the victim contracted gonorrhea three months before she was raped and one month before the birth of a child; (2) the victim wore sexually suggestive clothing and acted promiscuously when she frequented night clubs (which she departed in the company of various men at late hours of the night); and (3) the victim demanded money from another man threatening to claim that he raped her. (Defendant learned of the victim's alleged demand after the rape occurred; there was no evidence that the victim demanded money from defendant.)

OCGA § 24-2-3 "prohibits all evidence relating to the past sexual behavior of the complaining witness, including marital history, mode

of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to community standards; in other words, her reputation concerning past sexual activity with persons other than the defendant. The exceptions are, if so found by the judge after an in camera hearing, that the past behavior involved participation by the accused, or that the evidence " 'supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of.' " *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672).

The evidence proffered by defendant did not fit into a statutory exception. It pertained to the victim's reputation regarding sexual activities with persons other than defendant. It did not support an inference that at the time the rape occurred, defendant could have reasonably believed the victim consented to intercourse. *Parks v. State*, 147 Ga. App. 617, supra; *Worth v. State*, 183 Ga. App. 68, 72 (4) (358 SE2d 251). (With regard to the third piece of evidence offered by defendant, it is clear that defendant did not learn of the alleged demand for money until *after* the rape occurred. Hence, it could not have affected defendant's belief regarding the victim's consent.)

The trial court did not err in ruling the proffered evidence inadmissible. Defendant's second enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 28, 1988 —

*Liggin & Winkler, H. James Winkler*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.