## 77383. BRINSON v. THE STATE.
(381 SE2d 292)

BEASLEY, Judge.

Defendant appeals his conviction of aggravated child molestation, OCGA § 16-6-4 (c), and two counts of child molestation, OCGA § 16-6-4 (a). Four errors are enumerated: allowing the State to introduce evidence of similar crimes in violation of USCR 31.1; allowing the State to place defendant's character in issue; the denial of the motion for new trial based upon ineffective assistance of counsel; permitting defendant's statements to be introduced into evidence.

1. Notice of appeal was filed after defendant's amended motion for new trial was denied but before it was entered by filing with the clerk. OCGA § 5-6-31. While not timely as to the original conviction and premature pending final disposition of the motion for new trial, the appeal became effective upon entry of the adverse judgment. *Shirley v. State*, 188 Ga. App. 357, 361 (1) (373 SE2d 257) (1988).

2. The victim first mentioned a prior occurrence between herself and defendant early in her testimony. She again referred to a prior incident and was asked by the State's attorney: "What did he [defendant] say the first time?" Defense counsel then objected on the ground of irrelevancy. The trial court permitted a response and instructed the jury that the sole purpose was to show the victim's state of mind. No issue was raised below as to a failure to comply with USCR 31.1.

An objection that certain evidence is "irrelevant" is insufficient

to show reversible error. *Hamilton v. State*, 185 Ga. App. 536, 539 (6) (365 SE2d 120) (1987), citing *Phillips v. State*, 172 Ga. App. 864, 865 (3) (324 SE2d 807) (1984).

There are also two other reasons why this enumeration of error fails. 1) There is no harmful error in the admission of evidence where substantially the same evidence was admitted without objection. *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972). 2) "[W]here an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (a) (275 SE2d 142) (1980).

3. During the young victim's testimony as to how long she had known defendant who was her sister's husband she stated "not long, but when they were dating, or whatever you call it, most of the time they were fighting or either fussing." The trial court promptly admonished the witness: "Don't go into that." Defense counsel made no objection.

Later the victim was cross-examined on whether defendant had ever cursed her, or only her sister, she answered only the latter, and whether the cursing of her sister frightened her. When she said it did, she was asked why. She testified she was frightened because "when he curses her usually he ends up hitting her." Again, no objection was interposed. Defendant now urges that this testimony placed his character in evidence by the introduction of other crimes.

"Errors not raised at trial will not be considered and ruled on by this court on appeal." *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987).

4. Defendant complains that certain statements were improperly admitted in evidence because he received no *Miranda* [*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)] warnings before making them.

"A person is not entitled to *Miranda* warnings as a matter of right, even though that person is a suspect, unless that person had been taken into custody or has been deprived of freedom of action in another significant way." *Woods v. State*, 242 Ga. 277, 279 (2) (248 SE2d 612) (1978), citing *Beckwith v. United States*. 425 U. S. 341 (96 SC 1612, 48 LE2d 1) (1976). Accord *Hardeman v. State*, 252 Ga. 286, 288 (1) (313 SE2d 95) (1984). Although the focus of the investigation may be on defendant, he must also be in a custodial situation for *Miranda* to apply. *Beckwith*, supra at 347. *Shy v. State*, 234 Ga. 816, 818 (I) (218 SE2d 599) (1975). Such a situation was missing here and the trial court did not err in finding that the statements of defendant were admissible without *Miranda* warnings. *Henderson v. State*, 257 Ga. 434, 436 (2) (360 SE2d 263) (1987); *Lobdell v. State*, 256 Ga. 769,

773 (6) (353 SE2d 799) (1987).

5. Present counsel raised by amendment to the motion for new trial the question of ineffective trial counsel. On appeal he enumerates that denial on this ground was error under both the State and Federal Constitutions, although he erroneously cites Paragraph 13 rather than Paragraph 14 of the State Bill of Rights.

The national benchmark for judging ineffectiveness "must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984). As we understand it, the test consists of two components. " 'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " *Davenport v. State*, 172 Ga. 848, 851 (2) (325 SE2d 173) (1984). *Askin v. State*, 178 Ga. App. 810, 811 (1) (344 SE2d 699) (1986).

Georgia is in close alignment with the federal policy. See *Manus v. State*, 180 Ga. App. 658 (350 SE2d 41) (1986), special concurrence at 660. *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974), which preceded *Strickland*, held that effective assistance of counsel means "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985), which postdated *Strickland*, emphasized: "To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis . . . . The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." This was applied in *Ray v. State*, 183 Ga. App. 57 (357 SE2d 877) (1987).

Defendant has set forth ten instances which he contends demonstrate that he received ineffective assistance of counsel. No harm is shown as to several of these: failing to request a continuance; permitting an alternate juror to be chosen without consulting defendant; filing a motion containing inappropriate matter (a page was apparently inserted that belonged to a motion in another case); prompting the trial court's rebuke for having spoken to a juror; unsuccessfully seeking to introduce evidence that defendant's wife had been molested by

her father; failing to submit any requests to charge and waiving the right to except to the instructions as given (there was no showing that any of the instructions given were error or what omitted instructions should have been charged). See *Pearson v. State*, 182 Ga. App. 239, 240 (2) (355 SE2d 470) (1987); *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The burden is upon appellant to show affirmatively not only error but that it was harmful. *Mash v. State*, 168 Ga. App. 491 (309 SE2d 673) (1983). That principle also applies to the following contentions. Appellant complains that trial counsel functioned ineffectively by not moving for a directed verdict on counts two and three because they merged into count one as part of the same transaction, and because the evidence was insufficient to authorize a conviction on any count. However, as to merger, the proof introduced showed three distinct acts, each of which constituted a separate act of child molestation. As to the evidence, it was sufficient for a rational trier of fact to have found defendant guilty beyond a reasonable doubt. Appellant was not entitled to a directed verdict.

Next is the insistence that trial counsel should have moved to suppress the introduction of the victim's pajamas and a blanket on the ground that were obtained by an unlawful search. Both items belonged to the victim. The officer had permission to enter the premises and the items were obtained for him by the victim's mother. The trial court considered the situation and found no "problem." For these reasons, a motion to suppress would have been unavailing.

It is asserted that counsel failed to properly object to the admission of evidence of other crimes. We have noted this failure in Divisions 2 and 3. However, the trial court, after due consideration based upon the objection urged, found the evidence admissible to show the victim's state of mind but only for that purpose, giving limiting instructions to the jury.

The victim's conduct and veracity are matters concerning which the truth must be found. *Cuzzort v. State*, 173 Ga. App. 157, 160 (2) (d) (325 SE2d 826) (1984), affirmed 254 Ga. 745 (334 SE2d 661) (1985). Here, the minor victim's credibility, which might be sustained by prompt reporting of the offense or by offering an explanation for the failure to do so, as well as by her reaction to and interaction with defendant, were relevant issues for the jury's consideration. *Taylor v. State*, 176 Ga. App. 567, 573 (4) (a) (336 SE2d 832) (1985); *Brock v. State*, 183 Ga. App. 277, 278 (358 SE2d 613) (1987). Moreover, evidence of similar previous transactions is admissible to show defendant's identity, motive, plan, scheme, bent of mind, and course of conduct, *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977), and especially in sexual offenses " 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' " *Sparks v. State*, 172 Ga. App. 891, 893 (3) (324 SE2d 824)

(1984). Because defendant has failed to show the evidence, even if objected to, was inadmissible, the failure to properly object does not establish ineffective assistance of counsel.

In summary, we find as did this court in *Crews v. State*, 170 Ga. App. 104, 105 (3) (316 SE2d 549) (1984): "Although another lawyer may have conducted appellant's defense in a different way, asked different questions, made more objections, etc., the fact that trial counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel." On neither of the two prongs of *Strickland*, supra, do we find a basis to declare a violation of defendant's rights.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 21, 1989 —
REHEARING DENIED MARCH 30, 1989 — 

*Weaver & Weaver, George W. Weaver, Brenda T. Weaver*, for appellant.

*Roger Queen, District Attorney*, for appellee.